## SCARBOROUGH v. DUGAN.

It is well settled that a judgment rendered in one State, and upon which suit is instituted in another, is a contract, in the sense of the Constitution.

It is not disputed that the law of the forum can regulate the remedy, which, generally speaking, forms no part of the contract, and thus is not within the constitutional interdict. But it is just as well settled that the Legislature has no right so to regulate the remedy as that it shall destroy the contract by denying all means of enforcement. A right without a remedy is, practically, no obligation at all. A contract is just as much impaired by a prohibition to sue upon it, as it is by direct legislative action declaring it void.

The Statute of Limitations, therefore, can only be construed to apply to judgments *not in esse* at the time of the passage of the act of 1855, or as giving two years from the passage of the act within which to sue upon such as were not already barred by the act of 1850.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was an action brought on a judgment recovered in the State of Ohio in 1853. The defendant in the Court below plead the Statute of Limitations. The Court sustained the plea, and gave judgment for the defendant, from which plaintiffs appealed to this Court.

*Hall and Hume* for Appellant.

An action upon any judgment, contract, obligation, or liability, for the payment of money or damages, obtained, executed, or made out of this State, can only be commenced within two years from the time the cause of action has accrued, or shall accrue. See Statutes 1855, 75.

Upon this plea alone the Court below found for the defendant.

From the record it will appear that the judgment was rendered in Ohio, on the sixth day of October, 1853, before the passage of said act, and that suit was brought on said judgment in this State one year (October 12, 1856) after the passage of said act.

The only question is, whether this act is to be construed retroactively.

Respondents contend that it can not. Under the Limitation Law of A. D. 1850, an action might have been brought in this State upon any judgment obtained out of it, within five years after the entry of such judgment. Wood's Digest, 47. Then such judgments as were obtained two or three years before the passage of the act in question, would have two or three years to run before the limitation would expire under the law of A. D. 1850. But, if the construction contended for by respondent were applied to the act of 1855, then no suit could be maintained at all upon any such judgment which was two years old at the time of the passage of the law of 1855. Then all remedy would

be cut off, in these cases, by the law in question. This, appellant deems, would be unconstitutional, and beyond the power of the Legislature.

Appellant contends that the law of 1855 (if not void) must be deemed to take the place of the law of 1850, repealing the same, so far as the same affects foreign judgments and contracts, and must be deemed to affect the same only from the date of its passage, (so as even to extend the time for bringing suit upon a judgment about to expire under the old law; but this last question does not arise in this case.)

At the time of the passage of the act of 1855, the owner of a two-years old judgment had a right to his debt, and a right to pursue his remedy in our Courts. That law, if retroactive, would, without any fault or neglect on his part, cut off his remedy, and consequently bar his right. Billings *v.* Harvey, 6 Cal. Rep., 381.

*Moore & Welty* for Respondent.

That the act is retrospective in its operation is clear, and that it was intended to be so by the Legislature, is equally clear. Statutes which are intended merely to prescribe the time within which suits shall be commenced, are remedial, and can never, in any sense, affect the contract.

Each sovereignty has the right and power to enact such laws of limitation, or rules governing the collection of debts, as may be deemed expedient. Limitation or prescription is a matter of policy, growing out of the necessity of a country; and the time within which a suit may be commenced, or after which it shall be barred, has, from remote antiquity, been fixed by all nations in virtue of the inherent power by which it exercises its legislation. Each State of the Union is supreme and sovereign, and has the right to pass such laws for its local government, not in conflict with the Constitution of the United States, as may be thought necessary. This State, then, is a distinct sovereignty, and as independent of any others as England is of the American Government. In France, no foreigner can maintain an action in any of her Courts, and her right to pass such laws none will pretend to question, yet her right is not more complete than is the right of this State to say that no action can be maintained upon a judgment of another State. The act under consideration must be held valid and binding, unless it conflict with some provision of the Constitution of the United States, or of this State. It was contended, in the case of McElmoye *v.* Cohen, 13 Peters, pp. 312, 327, 328, (this being an action upon the judgment of another State,) that it fell within the provision of the Constitution of the United States, which declares that full faith, credit, and effect, shall be given in each State to the judicial proceedings of every other.

Scarborough *v.* Dugan.

Mr. Justice Hayne, who delivered the opinion of the Court in the case above referred to, decided that it could not fall within this constitutional provision.

The parties are left to all the rights and remedy granted to them by the laws of the State where the contract was made, perfect, full, and unimpaired. The obligation of a contract consists in the power and efficacy of the law which applies to and " enforces performance of the contract, or the payment of an equivalent for non-performance. The obligation does not inhere and subsist on the contract itself, *proprio vigore*, but in the law applicable to the contract." 12 Wheaton, 318·; Blair *v.* Williams, 4 Litt., 34; Lapsley *v.* Bradshaw, Ib., 47.

" The obligation of a contract is the law that binds a party to perform his undertaking." 4 Wheat., 197.

In the case of Ogden *v.* Saunders, 12 Wheat., 213, Chief Justice Marshall, delivering the opinion of the Supreme Court of the United States, said : " The obligation of contracts, intended by the Constitution, is not the universal law of civilized nations, any more than the moral law, but it is the obligation which results from the laws of the State in which the contract is made."

It can not be said that the law under discussion disturbs fixed and settled rights, because there can be no such thing as a vested right in a particular remedy, and especially is this the case when the remedy is sought beyond the jurisdiction of the State where the contract is made. The authorities upon this point are uniform and clear, which renders it unnecessary for us to do more than bring it to the notice of the Court. With the justice and policy of the law we have nothing do. Courts will not listen to objections which merely show the injustice of a law.

Where the Legislature intends a law to be retrospective in its operation, it will not be held incompatible with any of the provisions of the Constitution of the United States, unless such law impairs the obligations of contract, or partakes of an *ex post facto* nature. Lessees of Livingston *v.* Moore, 7 Peters, 469.

Retrospective laws, enforcing vested rights, are among the most necessary acts of legislation. *Ubi leges, cum justitia retrospicere possent.*

The law does not suppose parties to contract in reference to the remedy; laws affecting the remedy on prior contracts are, therefore, constitutional and binding. Rathbone *v.* Bradford, 1 Ala., 312; Bartlett *v.* Lang, 2 Ib., 401; Beal *v.* Anson, 2 Shep., 344; Brambaugh *v.* Brambaugh, 11 Serg. & Rawl., 191; Holden *v.* James, Administrator, Ib., 396; Foster *v.* Essex Bank, 16 Mass., 270.

Baldwin, J., delivered the opinion of the Court—Terry, C. J., and Field, J., concurring.

The record presents a question of validity or construction of the

first section of the Statute of Limitations of April 2, 1855, which is as follows:

"Section one—An action upon any judgment, contract, obligation, or liability, for the payment of money or damages obtained, executed, or made out of this State, can only be commenced within two years from the time the action has accrued or shall accrue." (Statutes of 1855, 75.)

This suit was brought on a judgment recovered in Ohio, in 1853, and, under the statute passed in 1850, the plaintiff had five years within which to commence a suit on it, which period, of course, had not expired when the statute of 1855 was enacted. The Constitution gives to the record of a judgment properly attested, when rendered in one State, the same force and effect in another, as evidence, which it has in the State of its rendition. It thus appears that the plaintiff had a good cause of action against defendant on the second of April, 1855, though the cause of action accrued, if such be the construction of the statute, in 1853. The question comes, then, to this: Can the Legislature, under the pretence or with the object of regulating the remedy, deny all remedy, and thus destroy *the contract?* for it is well settled that a judgment, in this sense of the Constitution, is a contract. It is not disputed that the law of the forum can regulate the remedy, which, generally speaking, forms no part of the contract, and thus is not within the constitutional interdict. But it is just as well settled that the Legislature has no right so to regulate the remedy as that it shall destroy the contract by denying all means of enforcement. A right without a remedy is, practically, no obligation at all. A contract is just as much impaired by a prohibition to sue upon it, as it is by direct legislative action declaring it void. It is the same thing for the Legislature to say that a promissory note, now due and collectable, shall not be sued on if it has been due for a year, as to say that all promissory notes over due that length of time, shall be void. The rule is thus expressed in Bronson *v.* Kinsie, (1 How. U. S., 311,) Chief Justice Taney delivering the opinion:

"Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract; but, if that effect is produced, it is immaterial whether it is done by acting on the remedy, or directly on the contract itself. In either case it is prohibited by the Constitution." (See, also, McCrackin *v.* Haywood, 2 How. U. S. R., 608.)

The Statute of Limitations, therefore, can only be construed to apply to judgments *not in esse* at the time of the passage of the act of 1855, or as giving two years from the passage of the act within which to sue upon such as were not already barred by the act of 1850.

The authorities which sustain this view are numerous. See the foregoing cases, where they are collected.

The judgment in this case not being barred at the time of the suit below, the Court erred in ruling that the statute of 1855 applied to it—and the judgment below must be reversed and cause remanded.