## KEYSER v. LOWELL.

### (Circuit Court of Appeals, Eighth Circuit.    August 25, 1902.)

### No. 1,737.

**1. CONSTITUTIONAL QUESTION—JURISDICTION OF CIRCUIT COURT OF APPEALS.**

The circuit court of appeals has jurisdiction to review and to finally determine whether or not a state statute is obnoxious to the constitution of the United States in a case in which the jurisdiction of the circuit court originally attaches solely by reason of diverse citizenship, and the constitutional question subsequently arises.

**2. CONSTITUTIONAL LAW—JUDGMENT—FULL FAITH AND CREDIT—LIMITATIONS STATUTE.**

A statute of a state (Act April 6, 1899; Sess. Laws Colo. 1899, c. 113), which by its terms bars the maintenance of an action in that state against its residents upon a judgment of a court of another state, which was founded on a cause of action that was barred in the former, but was not barred in the latter state, when the action in which the judgment was rendered was commenced, does not give full faith and credit to the records and judicial proceedings of the latter state, is obnoxious to article 4, § 1, of the national constitution, and to Act Cong. May 26, 1790 (1 Stat. 122, c. 11; Rev. St. § 905), and is without force and void.

**3. SAME.**

The states may enact limitation laws which accord and limit reasonable times for the commencement of actions upon judgments of courts of other states. But they may not bar all actions upon such judgments within their borders, and thereby render them without beneficial force or effect.

**4. STATUTES OF LIMITATIONS—TIME AN ESSENTIAL ATTRIBUTE.**

The essential attribute of a statute of limitations is that it accords and limits a reasonable time within which an action may be brought upon the causes of action which it affects. A statute which allows no time, but absolutely bars the causes of action, is not a statute of limitations.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

This writ of error was sued out to reverse a judgment in favor of the defendant upon a directed verdict founded upon the following undisputed facts: On February 5, 1885, the plaintiff, Aaron Keyser, recovered a judgment against the defendant, John W. Lowell, in a court of general jurisdiction of the territory of Utah. In the year 1884 or the year 1885 the defendant, John W. Lowell, who had theretofore been a resident of Utah, removed to, and became and has ever since been a citizen and resident of, the state of Colorado. On January 18, 1901, the plaintiff commenced an action in a court of general jurisdiction of the state of Utah against the defendant upon the judgment of February 5, 1885. The summons was personally served on the defendant, and he appeared generally in that action. Thereupon, and on March 2, 1901, a judgment was rendered by the court of the state of Utah in favor of the plaintiff and against the defendant for the sum of $9,052.61 and costs. On January 18, 1901, when the action was commenced which resulted in this judgment, the cause of action upon the judgment of February 5, 1885, was barred in the state of Colorado by its general statute of limitations, which limits the time within which such an action may be brought to six years from the accrual of the cause of ac-

---

¶ 1. Jurisdiction of circuit court of appeals, see notes to **Lau Ow Bew v. U. S.**, 1 C. C. A. 6; **Emigration Co. v. Gallegos**, 32 C. C. A. 475.

¶ 3. See Judgment, vol. 30, Cent. Dig. §§ 1444, 1756, 1766.

tion. On May 31, 1901, the plaintiff commenced this action in the circuit court of the United States for the district of Colorado upon the judgment of the district court of the state of Utah rendered on March 2, 1901. The defendant pleaded that this cause of action was barred by the statutes of the state of Colorado, and the court below instructed the jury to return a verdict for the defendant, on the ground that the third proviso of the act of the legislature of the state of Colorado of April 6, 1899, entitled "An act to amend an act approved on the 29th of April, 1895, entitled 'An act to limit the time in which suits may be brought upon causes of action accrued or judgments or decrees rendered without this state and to repeal various acts in conflict or inconsistent therewith,'" barred the maintenance of the action. That proviso reads in this way: "Provided, further, that if at any time after a period of six (6) months from and after the passage of this act any action, suit or proceeding be brought against any bona fide resident of this state in the courts of any other state, territory or jurisdiction beyond the limits of this state upon any debt, contract, demand or liability that at the time of the commencement of such action, suit or proceeding was wholly barred by the statute of limitations of this state so that no action, suit or proceeding could be commenced upon the same in any of the courts of this state, and a judgment or decree should be rendered upon any such debt, contract, demand or liability in such other state, territory or jurisdiction, and any action, suit or proceeding should afterwards be commenced in this state upon such a judgment or decree so rendered against said defendant and said defendant should still be a bona fide resident of this state, it shall be lawful for such defendant to plead in bar to any such action that said judgment or decree had been so recovered upon a debt, contract, demand or liability, that was wholly barred by the statute of limitations in this state at the time the action, suit or proceeding was commenced upon the same in such other state, territory or jurisdiction." Sess. Laws Colo. 1899, c. 113.

George P. Costigan, Jr., and Edward. P. Costigan, for plaintiff in error.

Charles D. Hayt and Ernest Knaebel, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCH-REN, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This case involves the question whether or not a statute of the state of Colorado is obnoxious to section 1 of article 4 of the constitution of the United States, but the jurisdiction of the court below was not invoked upon that ground. The sole ground upon which the jurisdiction of the circuit court originally attached was the diversity of the citizenship of the parties. The constitutional question was not presented or suggested, and it did not arise until the answer was interposed. This court, therefore, has jurisdiction to hear and determine the question of the validity of the statute. in view of the constitution of the United States, as well as the other questions in the case, and its decision of each of these questions will be final. Where the jurisdiction of the circuit court originally attaches solely by reason of diverse citizenship and a constitutional question subsequently arises, the circuit court of appeals has jurisdiction to review the decision below and to finally determine it. American Sugar Refining Co. v. City of New Orleans, 181 U. S. 277, 280, 281, 21 Sup. Ct. 646, 45 L. Ed. 859; Press Pub. Co. v. Monroe, 164 U. S. 105, 17 Sup. Ct. 40, 41 L. Ed. 367; Carter v.

Roberts, 177 U. S. 496, 499, 20 Sup. Ct. 713, 44 L. Ed. 861; Robinson v. Caldwell, 165 U. S. 359, 17 Sup. Ct. 343, 41 L. Ed. 745; Mining Co. v. Turck, 150 U. S. 138, 14 Sup. Ct. 35, 37 L. Ed. 1030; Railway Co. v. Harris, 158 U. S. 326, 15 Sup. Ct. 843, 39 L. Ed. 1003; Loeb v. Trustees, 179 U. S. 472, 21 Sup. Ct. 74, 45 L. Ed. 280.

The constitutional question upon which this case turns has already been answered by the supreme court, and its solution does not require any independent investigation or the discussion of any novel issue. This is the question: Does a statute of a state, which bars actions against its residents upon judgments of other states founded upon causes of action which were barred by the statutes of limitations of the state which enacted the law, but which were not barred by the statutes of the state where the judgments were rendered, accord full faith and credit to the records and judicial proceedings of those states? The constitution declares that "full faith and credit shall be given in any state to the public acts, records and judicial proceedings of every other state." Article 4, § 1. The act of congress of May 26, 1790, provides that the records and judicial proceedings of each state "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they have been taken." 1 Stat. 122; Rev. St. § 905. The supreme court has always held that the true interpretation of this statute was that the record of a judgment should have in every other court of the United States the same faith and credit that it has in the state from which it was taken. Mills v. Duryee, 7 Cranch, 483, 3 L. Ed. 411; Hanley v. Donoghue, 116 U. S. 1, 3, 6 Sup. Ct. 242, 29 L. Ed. 535. In the state of Utah the record of the judgment upon which this action is founded is indisputable proof of an unanswerable cause of action. Does a statute like that of Colorado, which in effect declares that it shall not constitute the basis of any cause of action, that it shall not have any force or effect in that state, accord full faith and credit to the records and judicial proceedings which evidence the judgment?

In Christmas v. Russell, 5 Wall. 290, 18 L. Ed. 475, Christmas, a resident of the state of Mississippi, had made his promissory note in 1840 payable in 1841. By the statute of Mississippi the action upon this note was barred in March, 1847. In 1853 Christmas visited Kentucky, was there sued upon this note, and a judgment was recovered against him in one of the courts of that state in favor of Russell, the indorsee of the note. In 1854 Russell brought an action upon this judgment in the state of Mississippi, and Christmas pleaded that this action was barred by a statute of the latter state which provided that "no action shall be maintained on any judgment or decree rendered by any court without this state against any person who, at the time of the commencement of the action in which such judgment or decree was or shall be rendered, was or shall be a resident of this state, in any case where the cause of such action would have been barred by any act of limitation of this state, if such suit had been brought therein." Rev. Code Miss. 1857, c. 57, art. 10. The plea was overruled, and judgment was rendered against Christmas, on the ground that this statute was violative of article 4, § 1, of the constitution.

Upon a writ of error the supreme court affirmed this conclusion, and, after conceding that it was competent for the states to enact statutes of limitations prescribing reasonable times within which actions on judgments of other states might be brought, as in McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177, said:

"But the provision under consideration is not a statute of limitations as known to the law or the decisions of the courts upon that subject. 'Limitation,' as used in such statutes, means a bar to the alleged right of the plaintiff to recover in the action created by or arising out of the lapse of a certain time after the cause of action accrued, as appointed by law. Looking at the terms of this provision, it is quite obvious that it contains no element which can give it any such character. Plain effect of the provision is to deny the right of the judgment creditor to sue at all, under any circumstances, and wholly irrespective of any lapse of time whatever, whether longer or shorter. No day is given to such a creditor, but the prohibition is absolute that no action shall be maintained on any judgment or decree falling within the conditions set forth in the provision. These conditions are addressed, not to the judgment, but to the cause of action which was the foundation of the judgment. Substantial import of the provision is that judgment recovered in other states against the citizens of Mississippi shall not be enforced in the tribunals of that state, if the cause of action which was the foundation of the judgment would have been barred in her tribunals by her statute of limitations. * * * It is clear that the statute which is the foundation of the second plea in this case is unconstitutional and void as affecting the right of the plaintiff to enforce the judgment mentioned in the declaration. Beyond all doubt the judgment was valid in Kentucky and conclusive between the parties in all her tribunals. Such was the decision of the highest court in the state, and it was undoubtedly correct; and, if so, it is not competent for any other state to authorize its courts to open the merits and review the cause, much less to enact that such a judgment shall not receive the same faith and credit that by law it had in the state courts from which it was taken."

No legal distinction can be successfully drawn between the facts and the law in the case of Christmas v. Russell and those in the action here before us. In that case and in this a judgment had been rendered in one of the courts of a sister state upon a cause of action that was barred by the statute of limitations of the state of the residence of the defendant before the action was commenced which resulted in the judgment. In that case and in this the statute of the state·of the defendant's residence interposed its bar against actions upon such judgments. In this case, as in that, the statute was not a statute of limitations. It did not limit the time within which an action might be brought on such a judgment, but it deprived the plaintiff of all time, opportunity, and action to enforce it in the state in which the statute was enacted. The third proviso of the statute of Colorado by its terms absolutely bars all actions in that state upon judgments of other states founded upon claims that were barred in Colorado where the actions which resulted in them were commenced after October 6, 1899, a date six months after the passage of that proviso. The action which resulted in the judgment in Utah of March 2, 1901, was not commenced until January 18, 1901; so that under this statute no time or opportunity whatever has been allowed to the plaintiff to bring his action in Colorado to enforce his judgment.

Counsel for the defendant in error invoke the rule that statutes of limitations are a part of the law of the forum, and that the states

have the power and the right to prescribe the times within which actions may be brought against their citizens upon judgments, as well as upon other causes of action; and they cite in support of this principle McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177, Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316, Bacon v. Howard, 20 How. 22, 15 L. Ed. 811, Telegraph Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986, Hawkins v. Barney, 5 Pet. 457, 8 L. Ed. 190, and other cases of like character. The general rule is conceded, but it is always conditioned by the proviso that such statutes must allow a reasonable time to enforce rights of action in the state of their enactment, that they may not lawfully strike down the right of action by destroying or denying all remedy for its enforcement, and that they may not repeal or nullify the provisions of the constitution of the United States and of the act of congress which have been quoted. This law of Colorado is not a statute of limitations. It is a statute of nullification and prohibition. The essential attribute of a statute of limitation is that it accords and limits a reasonable time within which a suit may be brought upon causes of action which it affects. Price v. Hopkin, 13 Mich. 318, 324; Piatt v. Vattier, 1 McLean, 146, 158, Fed. Cas. No. 11,117; Pritchard v. Spencer, 2 Ind. 486; State v. Swope, 7 Ind. 91; State v. Clark, 7 Ind. 468; Holcombe v. Tracy, 2 Minn. 241 (Gil. 201); Ridgley v. The Reindeer, 27 Mo. 442; Call v. Hagger, 8 Mass. 423, 430; Holyoke v. Haskins, 5 Pick. 26, 16 Am. Dec. 372; Railroad Co. v. Stockett, 21 Miss. 395; Briscoe v. Anketell, 28 Miss. 361, 371, 61 Am. Dec. 553; Bank v. Solomon, 20 Ga. 408. This statute neither accords nor limits any time for the commencement of actions upon the judgments it describes which resulted from actions commenced in other states after October 6, 1899. It nullifies the causes of action upon these judgments and prohibits any suits upon them in the state of Colorado.

The cases of Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239, in which the supreme court held that the federal courts had no jurisdiction of an action by a state on a judgment for a penalty for a violation of one of its statutes; Donald v. Kell, 111 Ind. 1, 3, 11 N. E. 782, where the cause of action on which the judgment was based was examined to ascertain whether or not the judgment was released by a discharge in bankruptcy; Thompson v. Whitman, 18 Wall. 457, 462, 21 L. Ed. 897, in which it is said that the jurisdiction of the court to render the judgment is always open to inquiry; and various other decisions of the supreme court to the effect that the record of a judgment of one state is evidence of the debt on which it rests in another state to the same extent as in the state of its rendition,—have been cited and reviewed by counsel for the defendant in error. But no decision or opinion has been presented to the effect that a state may lawfully deprive a judgment of another state upon a contract of all validity as the basis of a cause of action in the state of the residence of the defendant, and hence practically of all effect beneficial to the plaintiff, in the face of the constitutional and congressional mandate that full faith and credit shall be given to it.

It is said (1) that courts may look through the judgment to the cause of action on which it is founded to learn whether or not it is such a judgment as the federal court may enforce, and (2) that when this is done in the case at bar it will be seen that the judgment of March 2, 1901, rests upon a cause of action that was barred before that judgment was rendered. The first proposition is conceded. Let us look through the judgment of March 2, 1901, to the cause of action upon which it is based. We find an earlier judgment rendered in a court of the territory of Utah on February 5, 1885, against the defendant, Lowell, but no plea or proof that this judgment was for a penalty, that it was rendered without notice or jurisdiction, or that there was any other reason why it was unjust or why it should not be enforced. From that judgment, as well as from the later judgment upon which this action is founded, a contract is implied by the defendant, Lowell, to pay the amount of the debt which these judgments evidence, and this contract falls under the protection of another clause of the constitution,—the clause which forbids the enactment by any state of any law impairing the obligation of a contract. Article 1, § 10. Scarborough v. Dugan, 10 Cal. 305, 309. Now, this obligation was payable at the domicile of the obligee in Utah. It was the duty of the debtor, Lowell, to seek out his creditor and to pay him his debt. He failed to do so. He left the territory of Utah in 1884 or 1885, went to Colorado, and remained there. He evaded the law of Utah and the judgment of its court by absenting himself from that jurisdiction and failing to pay the debt which he had been required to pay by the decision of a court of general jurisdiction of that territory. As long as he did this the statute of limitations of Utah ought not to run, and it did not run, against his creditor. Bank v. Lowery, 93 U. S. 72, 77, 23 L. Ed. 806. He returned to Utah in 1901, was there personally served with a summons in an action upon this judgment, and the second judgment against him was rendered. The cause of action upon the judgment of 1885 was not barred by or under any law of the state of Utah. The judgment against him there was lawfully rendered. It is not material that an action upon that judgment was barred by the statutes of the state of Colorado, because the legislature of the latter state was without power to project its statutes of limitations beyond the boundaries of its state and to make them effective in the state of Utah. It was the law of limitations of the state of Utah, the law of the forum, which conditioned the right of the plaintiff to maintain his action in the court of that state, and to recover the judgment of 1901, and according to that law he was entitled to the judgment which he obtained. If, therefore, we look through that judgment to the cause of action upon which it rests, we find its foundation solid and its position impregnable.

Attention is earnestly called to frequent repetitions by the supreme court of the statement that while the records of judgments of courts of other states are evidence of their existence, are evidence that they are not re-examinable on their merits and that they are not impeachable except for fraud, yet these judgments are open to attack for lack of jurisdiction of the courts which rendered them and are subject to

the reasonable limitation laws of other states. The correctness of this statement of the law is not challenged. But the full faith and credit which the constitution and the act of congress demand require more than the simple admission of the record of the judgment as evidence of its existence and conclusiveness. They demand that, subject to reasonable limitation and other laws regulating, but not denying, reasonable remedies upon it, and not destroying the right of action, the judgment shall have the same force and effect in other states of the Union which it has in the state in which it was rendered. "A judgment of a state court, in a cause within its jurisdiction, and against a defendant lawfully summoned, or against lawfully attached property of an absent defendant, is entitled to as much force and effect against the person summoned or the property attached, when the question is presented for decision in a court of another state, as it has in the state in which it was rendered." Hanley v. Donoghue, 116 U. S. 1, 3, 6 Sup. Ct. 242, 29 L. Ed. 535; Mills v. Duryee, 7 Cranch, 483, 3 L. Ed. 411; Maxwell v. Stewart, 22 Wall. 77, 22 L. Ed. 564; Insurance Co. v. Harris, 97 U. S. 331, 24 L. Ed. 959; Green v. Van Buskirk, 7 Wall. 139, 19 L. Ed. 109; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931. In the state of Utah the judgment of 1901, upon which this action rests, was indisputable evidence of an invulnerable cause of action. It was entitled to the same force and effect, to the same faith and credit, in the state of Colorado, and the statute of Colorado which struck down this cause of action, which deprived the plaintiff of all remedy upon his judgment in that state, and made it as useless as though it had never been rendered, was a flagrant violation of the constitution of the United States and of the act of congress of May 26, 1790, and was without legal force or effect.

There is nothing in the arguments of counsel for the defendant in error or in the authorities which they have cited to modify the opinion or to shake the conclusiveness of the decision of the supreme court in Christmas v. Russell, 5 Wall. 290, 18 L. Ed. 475. The judgment of 1901 in Utah was rendered by a court which had jurisdiction of the subject-matter and of the parties. It was based on a personal service of the summons upon the defendant. It is not founded on a penalty or a tort, and it raises the presumption of a contract by the defendant to pay the debt which it evidences. In the state of Utah it has the force and effect of conclusive evidence of a just cause of action against the defendant and in favor of the plaintiff. It is entitled to the same force and effect in the state of Colorado. The third proviso to the act of the legislature of the state of Colorado of April 6, 1899, is not a statute of limitations, but an act which by its terms deprives this judgment of all beneficial force and effect and strikes down all remedy upon it in the state of Colorado. A statute which by its terms strikes down all remedy and prevents the maintenance of an action in that state upon a judgment of a court of another state which was founded on a cause of action which was barred in the former, but was not barred in the latter, state, where the action in which the judgment was rendered was commenced, does not give full faith and credit to the records and judicial proceedings of the latter state, and is unconstitutional and void. Christmas v. Russell, 5 Wall. 290,

301, 18 L. Ed. 475; Dodge v. Coffin, 15 Kan. 215, 218; Price v. Hopkin, 13 Mich. 318, 324; Packer v. Thompson, 25 Neb. 688, 691, 41 N. W. 650; Osborn v. Jaines, 17 Wis. 592; Auld v. Butcher, 2 Kan. 135; Scarborough v. Dugan, 10 Cal. 305, 309.

The judgment below is reversed, and the case is remanded to the court below, with instructions to grant a new trial and to take further proceedings not inconsistent with the views expressed in this opinion.

(Circuit Court of Appeals, Sixth Circuit. July 8, 1902.)