## LAMB v. POWDER RIVER LIVE STOCK CO.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1904.)

No. 1,813.

**1. STATUTES—CONSTRUCTION—RETROSPECTIVE OPERATION.**

The rule that statutes are to be given a prospective, rather than a retrospective, operation, like other rules of interpretation, is resorted to for the purpose of giving effect to the presumed and reasonably probable intention of the Legislature when the terms of the statute do not of themselves make the intention clear, and cannot be invoked to change or defeat the intention when it is made obvious or certain by the terms of the statute.

**2. SAME—LIMITATIONS—COLORADO STATUTE.**

Act Colo. April 29, 1895 (Sess. Laws 1895, p. 239, c. 106), as amended by Act April 6, 1899 (Sess. Laws 1899, p. 248, c. 113), relating to limitation of actions on foreign judgments, and being a re-enactment, with certain provisos added, of a prior statute, which it in express terms repealed, was intended to apply to actions on judgments rendered prior as well as subsequent to its passage.

**3. LIMITATION—ACTIONS ON JUDGMENTS OF OTHER STATES—VALIDITY OF STATUTE.**

The power of a state to prescribe a limitation for actions on judgments of the courts of other states, different from that prescribed for actions on judgments rendered within the state, is subject to the fundamental condition that a reasonable time must be given for the exercise of the right of action; otherwise the law is invalid, as in violation of the constitutional provision that no person shall be deprived of property without due process of law.

**4. SAME.**

The obligation of a contract is not terminated by the rendition of a judgment thereon, but continues until the debt is paid, and a law of a state which unreasonably restricts the time for commencing an action in its own courts for the enforcement of a judgment rendered by a court of another state on an existing contract is unconstitutional as impairing the obligation of the contract.

**5. JUDGMENTS—RIGHT TO ENFORCE BY ACTION IN OTHER STATES.**

In the courts of other states the judgment of a court of one state is not impeachable except for fraud or want of jurisdiction, is indisputable proof that it rests upon an unanswerable cause of action, is conclusive evidence that the right to its enforcement is wholly unaffected by any laches or lapse of time which preceded its rendition, and gives a right of action for its enforcement, subject to limitation and other laws of the forum which regulate, but do not deny, unreasonably restrict, or oppressively burden, the exercise of that right.

**6. LIMITATION—REASONABLE TIME.**

A limitation is unreasonable which does not, before the bar takes effect, afford full opportunity for resort to the courts for the enforcement of the rights upon which the limitation is intended to operate; and this opportunity must be accorded in respect of existing rights of action after they come within the present or prospective operation of the statute and in respect of prospective rights after they accrue.

**7. SAME—UNREASONABLE LIMITATION—COLORADO STATUTE.**

Act Colo. April 29, 1895 (Sess. Laws 1895, p. 239, c. 106), as amended by Act April 6, 1899 (Sess. Laws 1899, p. 248, c. 113), prescribing a general limitation of six years for all actions on judgments rendered without the state, and by provisos declaring that, if the judgment be based on a cause of action which accrued more than six years prior to the commencement of the action on such judgment, the action, if against a bona fide resident

of the state, shall be barred unless commenced within three months after the rendition of the judgment sued on, is a law of limitation only in so far as it attempts to interpose a bar because of inaction or laches in enforcing a judgment after it is obtained and a right of action thereon accrues, and is unconstitutional and void, as imposing an unreasonable limitation as applied to an action within the proviso on a judgment of another state based on contract, and rendered prior to the passage of the act upon a cause of action which accrued more than six years before.

## In Error to the Circuit Court of the United States for the District of Colorado.

Lamb, a citizen and resident of Nebraska, commenced an action against the live stock company, a Colorado corporation, in the Circuit Court of the United States for the District of Colorado, on February 14, 1901, upon a judgment for the payment of money recovered by him against the company in a court of Nebraska. Defendant answered that it was a bona fide resident of Colorado; that the judgment sued upon was recovered March 4, 1895, more than three months prior to the commencement of the action, and was based upon a cause of action upon an express contract for the sale and delivery of merchandise, which accrued February 1, 1888—more than six years before the present action was commenced. The court sustained this answer under the acts of April 29, 1895, and April 6, 1899 (Sess. Laws Colo. 1895, p. 239, c. 106; Id. 1899, p. 248, c. 113), overruled plaintiff's demurrer thereto, and, plaintiff declining to plead further, rendered judgment for defendant. The act of April 29, 1895, is as follows:

"An act to limit the time in which suits may be brought upon causes of action accrued or judgments or decrees rendered without this state, and to repeal various acts in conflict or inconsistent therewith.

"Be it enacted by the General Assembly of the State of Colorado.

"Section 1. It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of action accrued without this state, upon a contract or agreement expressed or implied, or upon a sealed instrument in writing, or upon a judgment or decree rendered in any court without this state, more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state: provided, that if said judgment or decree rendered without this state be based upon a cause of action which had accrued more than six years prior to the commencement of the action on such judgment or decree in this state, and the said judgment or decree had been rendered without this state more than three months prior to the bringing of such action thereon in this state, it shall be lawful for any person against whom any action on such judgment or decree shall be brought, to plead the same in bar thereof; and

"Provided further, that no defendant shall be allowed to plead the fact that the cause of action on which such judgment or decree was based accrued more than six (6) years, and that such judgment or decree was rendered without this state more than three (3) months before the commencement of said action thereon in this state, unless the defendant shall be a bona fide resident of this state.

"Sec. 2. Section 16 of chapter 60 of the General Laws of 1877, concerning limitations; also, section 1 of an act entitled 'An act concerning limitations of actions in the courts of justice,' approved February 14, 1879; also, section No. 2178 of the General Statutes of the State of Colorado, the same being section 16 of chapter LXVI, and all other acts or parts of acts in conflict with this act, be and the same are hereby repealed."

"Approved April 29, 1895."

The act of April 6, 1899, adds a third or additional proviso to the first section of the prior act, and is styled an amendatory act in both its title and its body.

The statutes expressly repealed by the act of 1895 had theretofore prescribed the time within which the actions named in that act could be commenced. For sixteen years the period for suing upon a judgment or decree

of any kind rendered without the state had been six years. The judgment sued upon was rendered less than two months before the act of 1895 was passed, and the cause of action upon which it is based accrued more than six years before the judgment was rendered. When the action in which the judgment was recovered was brought does not appear. The present action was commenced more than three months after the act of 1895 took effect, and within six years after the judgment was rendered.

T. M. Morrow (William T. Skelton, on the brief), for plaintiff in error.

E. E. Edmonds (J. C. Helm, on the brief), for defendant in error.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

VAN DEVANTER, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

No change in the statute law of Colorado was made by the act of April 6, 1899 (Sess. Laws 1899, p. 248, c. 113). In form and in purpose it was an amendatory act conforming to the requirement of the state Constitution (article 5, § 24) that when a law is amended it shall be re-enacted and published at full length. It re-enacted the act of April 29, 1895 (Sess. Laws 1895, p. 239, c. 106) without other change than to add a third proviso at the end of the first section. For reasons not material to the present inquiry, the added proviso is void, as held by this court in Keyser v. Lowell, 54 C. C. A. 574, 117 Fed. 400. The other provisions continued in force without interruption from the time when the earlier act took effect, and are to be considered as speaking from that date, instead of from the time of their re-enactment.

Was the shortened limitation in the act of 1895 intended to apply to actions upon judgments theretofore rendered? One contention of the plaintiff in error is that it must be given a prospective operation, and that to apply it to causes of action which accrued before it became effective is to permit it to operate retrospectively. The rule that statutes are to be given a prospective, rather than a retrospective, operation, is well recognized; but, like other rules of interpretation, it is resorted to to give effect to the presumed and reasonably probable intention of the Legislature, when the terms of the statute do not of themselves make the intention certain or clear, and cannot be invoked to change or defeat the intention when it is made obvious or manifest by the terms of the statute. Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737; Stephens v. Cherokee Nation, 174 U. S. 445, 477, 19 Sup. Ct. 722, 43 L. Ed. 1041; Webster v. Cooper, 14 How. 488, 501, 14 L. Ed. 510. The act of 1895 contains internal and convincing evidence of the intention with which it was enacted. It is identical in its provisions with one of the statutes which it in terms repealed (section 2178, Gen. St. 1883), save that by two provisos it reduces, in some instances to three months, the period within which an action may be commenced upon a judgment rendered without the state upon a cause of action accruing more than six years before the commencement of the action upon the judgment. This repeal and re-enactment of all of the provisions of the existing statute by a single act, and with no other change than the addition of the two provisos, should be given the same effect that would be given to an amend-

atory act accomplishing the same purpose. The re-enactment neutralized the repeal, and the new act should be construed as continuing in force the prior statute with such modification as was effected by the addition of the provisos. Bear Lake Irrigation Co. v. Garland, 164 U. S. 1, 11, 17 Sup. Ct. 7, 41 L. Ed. 327; Sutherland on Statutory Construction, § 134. The causes of action named in the prior statute, other than upon a judgment rendered without the state upon a cause of action accruing more than six years before the commencement within the state of an action upon the judgment, were no more affected by the act of 1895 than if it had not been enacted. The modification or change is limited to actions upon a specified class of judgments. The provisos are broad enough in their language to readily embrace every subsequent action upon a judgment of this class, no matter when rendered, and the act expressly repeals the existing statute regulating the time for commencing such actions. It is hardly conceivable that when the Legislature was thus materially shortening the period of limitation it would have removed existing judgments from all limitation. Nor did the adoption of a new period of limitation in respect of future judgments require the complete abrogation of the old limitation, unless it was intended that the new one should apply to existing judgments.

Not infrequently in adopting new statutes of limitation special provision is expressly made for enforcing existing rights of action, but a provision of that character was not needed in this instance. Under the Constitution of the state (article 5, § 19) the act of 1895, which contained no emergency clause, would not take effect for 90 days after its passage; a period which is practically the equivalent of the shortest limitation prescribed in the act. According to the decisions of many courts, a statute of limitation, the operation of which is postponed to an appointed time in the future, is effectual from the date of its enactment as public notice of its provisions and prospective operation, and, if it be not otherwise provided, operates to fix or designate the time which will elapse between its passage and its taking effect as the period within which to begin proceedings for the enforcement of such existing rights of action as will fall within the bar of the statute when it takes effect. Stine v. Bennett, 13 Minn. 153 (Gil. 138); Russell v. Akeley Lumber Co., 45 Minn. 376, 48 N. W. 3; Duncan v. Cobb, 32 Minn. 460, 21 N. W. 714; Holcombe v. Tracy, 2 Minn. 241 (Gil. 201); Smith v. Morrison, 22 Pick. 430; Peirce v. Tobey, 5 Metc. (Mass.) 168; Bigelow v. Bemis, 2 Allen, 496; Korn v. Browne, 64 Pa. 55; Clay v. Iseminger, 187 Pa. 108, 41 Atl. 38, affirmed 185 U. S. 55, 22 Sup. Ct. 573, 46 L. Ed. 804; Hedger v. Rennaker, 3 Metc. (Ky.) 255; Lockhart v. Yeiser, 2 Bush, 231; Eaton v. Supervisors, 40 Wis. 668; Horbach v. Miller, 4 Neb. 31; Wrightman v. Boone County (C. C.) 82 Fed. 412; Merchants' National Bank v. Braithwaite, 7 N. D. 358, 372, 75 N. W. 244, 66 Am. St. Rep. 653; Osborne v. Lindstrom, 9 N. D. 1, 8, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516. In the opinion of other courts such a statute does not effectually charge any person with notice of its provisions, or have effect in any other way, until the time appointed for it to go into full operation. Price v. Hopkin, 13 Mich. 318; Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118; Sutherland on Statutory Construction, § 107. The Supreme

Court of Colorado does not seem to have spoken upon the question, and we do not deem it necessary to consider which of the opposing views is the better one, because both lead to the same ultimate conclusion in this case.   If the act of 1895 was not effectual as notice to holders of existing judgments in advance of the time appointed for it to take effect, then the new period of limitation did not commence to run against proceedings to enforce such judgments prior to that time.   Lewis v. Lewis, 7 How. 776, 12 L. Ed. 909; Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737.   Thus one of two things resulted from that act: either the plaintiff was charged on the day of its enactment with notice of its prospective operation, and was restricted to the ninety days which would elapse before it would take effect in commencing an action upon his judgment, or he was charged on the day the act took effect with notice of its provisions, and was restricted to a period of three months thereafter in exercising his right of action.   It is plain that in point of the length of the period limited for commencing actions thereon no discrimination was made between existing and future judgments.   If it was reasonable to limit the right to sue upon a future judgment to a period of three months after its rendition, it was equally reasonable to limit the right to sue upon an existing judgment to a period of ninety days or three months after the time when its holder became charged with notice of the provisions of the act and was thereby put to his remedy.   We think the shortened limitation was intended to apply to actions upon existing judgments, and that, if that limitation is valid, plaintiff's right of action was barred ninety days after the passage of the act of 1895, or three months after it took effect, depending upon when he was put to his remedy by the act.

In what has been said the validity of the shortened limitation has been assumed.   It is now necessary to inquire whether or not a state may thus restrict the right to sue in her courts upon a judgment for the payment of money rendered in a court of a sister state upon a cause of action founded upon contract.   It is elementary that statutes of limitation are part of the law of the forum.   State statutes of that character may embrace causes of action upon contracts made or judgments rendered in other states, may prescribe a period of limitation in respect of them that is different from that prescribed in respect of similar rights of action arising within the state, and may subject existing rights of action to a limitation where none existed before, or to a shorter limitation than existed when they accrued (McElmoyle v. Cohen, 13 Pet. 312, 327, 10 L. Ed. 177; Bank v. Dalton, 9 How. 522, 13 L. Ed. 242; Terry v. Anderson, 95 U. S. 628, 633, 24 L. Ed. 365; Hawse v. Burgmire, 4 Colo. 313); but the power to enact such statutes is subject to the fundamental condition that a reasonable time must be given for the exercise of the right of action, whether existing or prospective, after it comes within the prospective or present operation of the statute, and before the bar becomes effective (Keyser v. Lowell, 54 C. C. A. 574, 578, 580, 117 Fed. 400, 404, 406; Jackson v. Lamphire, 3 Pet. 280, 290, 7 L. Ed. 679; Hawkins v. Barney, 5 Pet. 457, 466, 8 L. Ed. 190; Bronson v. Kinzie, 1 How. 311, 316, 11 L. Ed. 143; Christmas v. Russell, 5 Wall. 290, 300, 18 L. Ed. 475; Curtis v. Whitney, 13 Wall. 68, 72, 20 L. Ed. 513; Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737;

Terry v. Anderson, 95 U. S. 628, 632, 24 L. Ed. 365; Edwards v. Kearzey, 96 U. S. 595, 603, 24 L. Ed. 793; Koshkonong v. Burton, 104 U. S. 668, 675, 26 L. Ed. 886; Vance v. Vance, 108 U. S. 514, 2 Sup. Ct. 854, 27 L. Ed. 808; McGahey v. Virginia, 135 U. S. 662, 707, 10 Sup. Ct. 972, 34 L. Ed. 304; Wheeler v. Jackson, 137 U. S. 245, 255, 11 Sup. Ct. 76, 34 L. Ed. 659; Turner v. New York, 168 U. S. 90, 94, 18 Sup. Ct. 38, 42 L. Ed. 392; Saranac Land & Timber Co. v. Comptroller, 177 U. S. 318, 20 Sup. Ct. 642, 44 L. Ed. 786; Wilson v. Iseminger, 185 U. S. 55, 62, 22 Sup. Ct. 573, 46 L. Ed. 804; Price v. Hopkin, 13 Mich. 318, 324; Gilbert v. Ackerman, 159 N. Y. 118, 124, 53 N. E. 753, 45 L. R. A. 118; Berry v. Ransdall, 4 Metc. [Ky.] 292; Small v. Foley, 8 Colo. App. 435, 450, 47 Pac. 64, 70). In the case last cited Judge Thompson, speaking for the Court of Appeals of Colorado, said:

"The Legislature may shorten the time by which actions on existing contracts will be barred, provided it does not fix the limitation so as to cut off the right of action on demands against which the former statute had not run, or does not unreasonably shorten the time within which suit may be brought on such demands. With these limitations such legislation, although retroactive, will be sustained."

Perhaps no better rule as to what is a reasonable time can be laid down than that it must be of sufficient duration to afford full opportunity for resort to the courts for the enforcement of the rights upon which the limitation is intended to operate. In the words of Mr. Justice Shiras in Wilson v. Iseminger, supra:

"A statute could not bar the existing rights of claimants without affording this opportunity. If it should attempt to do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions."

To the same effect is Price v. Hopkin, supra, where it was said by Judge Cooley:

"It is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be brought; * * * and a statute that fails to do this cannot possibly be sustained as a law of limitation, but would be a palpable violation of the constitutional provision that no person shall be deprived of property without due process of law."

Not only is a right of action which springs from contract property within the protection of the fourteenth amendment to the national Constitution, but any state statute which denies, unreasonably restricts, or oppressively burdens the exercise of a right of action springing from a prior contract, impairs its obligation within the prohibition of the Constitution. Article 1, § 10. The obligation of a contract consists in the binding force of its stipulations upon those who make them, and depends upon the continued existence of a means of enforcing its stipulations; otherwise a contract would be without obligation, and would have only such effect as the parties should choose to give it. Every lawful contract gives rise to a right in one party to require performance of the stipulations of the other, and to a corresponding duty of the other to perform them. A subsequent law of a state which denies or diminishes the right of the one or excuses or discharges the other from the performance of his duty impairs the obligation of the

contract, although professing to act only upon the remedy. Sturges v. Crowninshield, 4 Wheat. 122, 197, 4 L. Ed. 529; Bronson v. Kinzie, 1 How. 311, 316, 320, 11 L. Ed. 143; McCracken v. Hayward, 2 How. 608, 612, 11 L. Ed. 397; Edwards v. Kearzey, 96 U. S. 595, 603, 607, 24 L. Ed. 793; Barnitz v. Beverly, 163 U. S. 118, 122, 16 Sup. Ct. 1042, 41 L. Ed. 93. A judgment for the amount due upon a contract does not terminate its obligation because it does not pay the debt. The debt remains contractual in character, and its payment is as much within the obligation of the contract after the judgment as it was before. Black's Constitutional Law (2d Ed.) p. 615; Freeman on Judgments (4th Ed.) § 4; Sprott v. Reid, 3 G. Greene, 489, 56 Am. Dec. 549. If the subsequent law, instead of directly abrogating the contract, unreasonably restricts or oppressively burdens the enforcement of a judgment rendered thereon it is none the less obnoxious to the constitutional prohibition (Daniels v. Tearney, 102 U. S. 415, 419, 26 L. Ed. 187) which is directed against all impairment of the obligation of contracts by state legislation, no matter in what form attempted. In delivering the opinion of the court in Bronson v. Kinzie, supra, Chief Justice Taney said of this prohibition:

"It was undoubtedly adopted as a part of the Constitution for a great and useful purpose. It was to maintain the integrity of contracts, and to secure their faithful execution throughout the Union by placing them under the protection of the Constitution of the United States. And it would but ill become this court, under any circumstances, to depart from the plain meaning of the words used, and to sanction a distinction between the right and the remedy, which would render this provision illusive and nugatory; mere words of form affording no protection and producing no practical result."

A judgment of a state court cannot be enforced out of the state by execution issued within the state, nor can execution be issued thereon without the state; but this does not mean that there is no means of enforcing a judgment out of the state in which it is obtained. It can be enforced in another state by action brought in a court of that state. McElmoyle v. Cohen, 13 Pet. 312, 325, 10 L. Ed. 177. While the original cause of action is merged in the judgment, and cannot be made the basis of another action, a right of action arises upon the judgment which can be exercised in other states as a means of obtaining payment of the debt. If the judgment is obtained as a means of enforcing a contract, the subsequent proceedings in another state are equally a means of its enforcement, although their apparent and more immediate purpose is to compel satisfaction of the judgment. When the contract upon which the Nebraska judgment is founded was entered into, this right to enforce a judgment obtained in a court of one state in the courts of the several states was part of the law of the land. It was expressly recognized by the law of Colorado, which limited the time for commencing an action in the exercise of the right to a period of six years. The law establishing this right became part of the obligation of the contract in the enforcement of which the judgment sued upon was obtained. While continuing the recognition of this right, the act of 1895 shortened the period for commencing actions upon a class of judgments, including that of plaintiff, to a period of three months. Of the application of the contract clause of the Constitution to a statute of limitation Mr. Justice

Swayne said, in speaking for the court in Edwards v. Kearzey, 96 U. S. 595, 603, 24 L. Ed. 793:

"Statutes of limitation are statutes of repose. They are necessary to the welfare of society. The lapse of time constantly carries with it the means of proof. The public as well as individuals are interested in the principle upon which they proceed. They do not impair the remedy, but only require its application within the time specified. If the period limited be unreasonably short, and designed to defeat the remedy upon pre-existing contracts, which was part of their obligation, we should pronounce the statute void; otherwise we should abdicate the performance of one of our most important duties."

The Constitution declares that "full faith and credit shall be given in any state to the public acts, records and judicial proceedings of every other state" (Const. U. S. art. 4, § 1), and the act of Congress of May 26, 1790, provides that the records and judicial proceedings of each state "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they have been taken." 1 Stat. 122, c. 11; Rev. St. § 905. The effect of these provisions is that in the courts of other states the judgment of a court of one state is not impeachable except for fraud or want of jurisdiction (neither of which is here suggested), is indisputable proof that it rests upon an unanswerable cause of action, is conclusive evidence that the right to its enforcement is wholly unaffected by any laches or lapse of time which preceded its rendition, and gives a right of action for its enforcement subject to limitation and other laws of the forum which regulate, but do not deny, unreasonably restrict, or oppressively burden the exercise of that right. Keyser v. Lowell, 54 C. C. A. 574, 117 Fed. 400; Christmas v. Russell, 5 Wall. 290, 18 L. Ed. 475.

Thus, from whatever point the shortened limitation in the act of 1895 is considered, the question arises whether it is reasonable. No reported decision has come under our observation which sustains a like limitation. The following cases sustain limitations of approximately the periods named: Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365, nine and one-half months; Vance v. Vance, 108 U. S. 245, 2 Sup. Ct. 854, 27 L. Ed. 808, eight and one-half months; Wheeler v. Jackson, 137 U. S. 245, 11 Sup. Ct. 76, 34 L. Ed. 659, six months; Turner v. New York, 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392, six months; Stine v. Bennett, 13 Minn. 153 (Gil. 138), four and one-half months; Russell v. Akeley Lumber Co., 45 Minn. 376, 48 N. W. 3, six months; Bigelow v. Bemis, 2 Allen, 496, five months; Smith v. Packard, 12 Wis. 371, eight and one-half months; Cameron v. Louisville, etc., Ry. Co., 69 Miss. 78, 10 South. 554, one year; Horbach v. Miller, 4 Neb. 31, four and one-half months; Myers v. Wheelock, 60 Kan. 747, 57 Pac. 956, six months; Power v. Kitching, 10 N. D. 254, 86 N. W. 737, 88 Am. St. Rep. 691, seven months. In McGahey v. Virginia, 135 U. S. 662, 708, 10 Sup. Ct. 972, 34 L. Ed. 304, a limitation of one year was declared unreasonable, and in Berry v. Ransdall, 4 Metc. (Ky.) 292, the same was said of a limitation of thirty days. In Bank v. Braithwaite, 7 N. D. 358, 372, 75 N. W. 244, 66 Am. St. Rep. 653, it was doubted whether three and one-half months was a reasonable time, but thirteen months was pronounced reasonable. No useful purpose would be

served by referring more particularly to the limitations which were sustained or rejected in these cases. It is sufficient to say that all of the cases recognize the true rule to be that a limitation is unreasonable which does not, before the bar takes effect, afford full opportunity for resort to the courts for the enforcement of the rights upon which the limitation is intended to operate, and that this opportunity must be afforded in respect of existing rights of action after they come within the present or prospective operation of the statute and in respect of prospective rights after they accrue.

It is usual in prescribing periods of limitation to adjust the time to the special nature of the rights of action to be affected, the situation of the parties, and other surrounding circumstances. A single period cannot be fixed for all cases, because what would be reasonable in one class of cases would be entirely unreasonable in another. Each limitation must, therefore, be separately judged in the light of the circumstances surrounding the class of cases to which it applies, and, if the time is reasonable in respect of the class, it will not be adjudged unreasonable merely because it is deemed to operate harshly in some particular or exceptional instance; as where the person against whose right the limitation runs is under some disability, out of the state, or unavoidably prevented from suing within the time prescribed. Vance v. Vance, 108 U. S. 514, 521, 2 Sup. Ct. 854, 27 L. Ed. 808; Bank v. Dalton, 9 How. 522, 528, 13 L. Ed. 242; Amy v. Watertown, 130 U. S. 320, 9 Sup. Ct. 537, 32 L. Ed. 953. An examination of the act of 1895, which is copied at length in the statement preceding this opinion, shows that it first prescribes a general limitation of six years upon all actions upon judgments rendered without the state, and then, by two provisos or excepting clauses, declares that, if the judgment be based upon a cause of action which accrued more than six years prior to the commencement of the action upon the judgment, and if the judgment shall have been rendered more than three months prior to the bringing of the action, the defendant, if a bona fide resident of the state, may plead these facts in bar of the action. The concurrence of three things makes the bar effective: (1) Defendant's bona fide residence in the state; (2) the lapse of six years after the accrual of the cause of action upon which the judgment is based; (3) the lapse of three months after the rendition of the judgment. The purpose and effect of this special limitation would be more easily appreciated, but not altered, if the provision had been: "No action shall be maintained against a bona fide resident of this state upon a judgment rendered without the state unless the action thereon be commenced within six years after the accrual of the cause of action upon which the judgment is based, save that in no case shall the right of action be barred until three months after the rendition of the judgment." The result would also be the same if it had been declared: "No action shall be maintained against a bona fide resident of this state upon a judgment rendered without the state unless the action be commenced within three months after the judgment is rendered, save that in no case shall the right of action be barred until after six years from the accrual of the cause of action upon which the judgment is based." A right of action does not accrue upon a judgment until it is rendered, and, of course, the right cannot be exercised until it

accrues.  The purpose of statutes of limitation is to compel the exercise of rights of action within a reasonable time after they accrue and before the evidence upon which their enforcement or resistance depends is lost, rendered difficult of production, or impaired by lapse of time.  Nothing could be more unreasonable or more certainly violative of constitutional prohibitions than to bar rights of action because of the lapse of time prior to their accrual, when they could not have been exercised.  Yet the bar of this special limitation is in all cases rested partly, and in some almost entirely, upon the lapse of time prior to the rendition of the judgment, when the right of action had not accrued.  This portion of the act of 1895 is a law of limitation only as it attempts to interpose a bar because of inaction or laches in enforcing a judgment after it is obtained.  It is unique in that it does not prescribe a fixed or definite time for commencing the actions to which it applies.  Where the limitation begins to run more than five years and nine months after the accrual of the cause of action upon which the judgment is based, the action is barred if not brought in three months.  Where the judgment is obtained upon the day when the original cause of action accrues, as it may be by confession or consent, the action upon the judgment is not barred for six years.  Thus the period within which the bar becomes effective ranges all the way from three months to six years, and this is equally true of judgments existing at the time and of those subsequently rendered.  At what time within these limits any particular action is barred depends upon the special facts of the case.  The longest period is reasonable, and the shortest is altogether unreasonable.  In these circumstances it may become a serious question whether the entire provision falls as wanting in the requisites of a law of limitation, or whether, as respects the various intermediate periods, every man must determine for himself and at his peril whether the time allowed for exercising his right of action is reasonable (Ludwig v. Stewart, 32 Mich. 27; Osborne v. Lindstrom, 9 N. D. 1, 9, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516), but the consideration of that question is not essential to the decision of the present case.

Our reasons for pronouncing the three-months limitation unreasonable are these:  It is not founded upon any proper regard for the interests of the community or of judgment debtors, or for the nature of the actions affected, and it does not afford judgment creditors full or sufficient opportunity for recourse to the courts for the enforcement of their judgments.  Before an action upon a judgment recovered in one state can be brought in a court of another state, it is necessary to ascertain that the debtor, or property of his, is there, to discover in what county or court the action must be brought, and to obtain the assistance of counsel.  This is usually accomplished through letter correspondence, and that requires time.  A creditor cannot be expected or required, immediately upon obtaining a judgment against his debtor, or immediately upon a change in the existing statute of limitations, to devote his entire time and attention to the enforcement of the judgment, to the exclusion of his other affairs and duties.  Nor does a just regard for the interests of the debtor require it.  The latter's interests will be better served if he has a reasonable opportunity to satisfy the judgment without further proceedings or expense.  No presump-

tion necessarily or immediately arises that he will not do so. There is little danger that the evidence to sustain the enforcement or resistance of a judgment will be lost, rendered difficult of production, or impaired within so brief a period as three months. A judgment does not become a stale demand within that time, and there is no laches in so short a postponement of its enforcement.

The judgment is reversed, with a direction to sustain the demurrer to the answer.