# PRESS PUBLISHING COMPANY *v.* MONROE.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 489. Submitted October 19, 1896. — Decided November 9, 1896.

In an action between citizens of different States, brought in the Circuit Court of the United States, for the violation of an author's common law right in his unpublished manuscript, and in which the defendant relies on the Constitution and laws of the United States concerning copyrights, and, after judgment against him in the Circuit Court, takes the case by writ of error to the Circuit Court of Appeals, he is not entitled, as of right, to have its judgment reviewed by this court under the act of March 3, 1891, c. 517, § 6.

THIS was an action brought in the Circuit Court of the United States for the Southern District of New York by Harriet Monroe against the Press Publishing Company for the wrongful publication of an unpublished manuscript.

The complaint alleged that the plaintiff was a citizen of the State of Illinois, and a resident in the city of Chicago; and that the defendant was a citizen of the State of New York, a resident in the city of New York, and a corporation created and existing by force of and under the laws of that State, and having its chief place of business in that city, and its business that of editing, publishing, selling and distributing a newspaper called The World.

The complaint further alleged that prior to September, 1892, the plaintiff had composed and written out in manuscript, but had not published, a lyrical ode, the work of her intellect and imagination; that on September 23, 1892, a committee of the World's Columbian Exposition made an agreement with the plaintiff, whereby, for a good consideration, they were licensed by her to use the ode, for the sole purpose of having it read or sung, or partly read and partly sung, on the public occasion of the dedicatory ceremonies of that exposition in the city of Chicago on October 21, 1892; that the general ownership of the literary production, with the right of unlimited publication after that date, remained in the plaintiff; that during the ten days preceding said 23d of September, she delivered to the committee the manuscript of the ode, for the purpose expressed in the agreement of license, and with the injunction that the manuscript should be held secret, in order that the plaintiff's right of property should be preserved inviolate, and especially that premature publication should be avoided; and that the utmost care was taken, both by the plaintiff and by the committee, to prevent or forestall piratical attempts on the part of newspapers; but that the defendant, through its officers and agents, between September 14 and September 23, 1892, surreptitiously obtained from the rooms of the committee the manuscript, or a copy thereof, and sent the same to its office in New York, and, disregarding a protest sent by the plaintiff by telegraph, published in its paper of September 25

the ode, with many errors, making portions of the poem appear meaningless, and with a grotesquely incorrect analysis, calculated to produce a false and ludicrous impression of the work; and that these wrongful acts of the defendant deprived the plaintiff of gains she would otherwise have received from the sale of the ode, and damaged her reputation as an author, and were a wilful, wanton and unlawful trespass upon her rights, and subjected her to shame, mortification and great personal annoyance; and alleged damages in the sum of $25,000.

A motion by the defendant, at the commencement of the trial, to compel the plaintiff " to elect between the two causes of action set forth in the complaint," was denied by the court as immaterial, because the plaintiff's counsel declared in open court that " there is but one cause of action stated in the complaint, to wit, literary piracy of a manuscript before publication, and a violation of a common law right."

At the trial, the plaintiff introduced evidence tending to support the allegations of the complaint (except that no evidence of pecuniary damage was offered) and put in evidence a receipt, signed by the plaintiff, and in these terms :

" Received, Chicago, the 23d day of September, 1892, from the World's Columbian Exposition, one thousand dollars ($1000) in full payment for ode composed by me. It is understood and agreed that said Exposition Company shall have the right to furnish copies for publication to the newspaper press of the world, and copies for free distribution if desired, and also may publish same in the official history of the dedicatory ceremonies: and, subject to the concession herein made, the author expressly reserves her copyright therein."

The plaintiff testified that portions of the ode consisted of lyrical songs intended to be set to music and sung by the chorus, and that the rest was to be read; that a musical composer was engaged to write the music for the portions to be sung, and she gave him permission to publish those portions, because it was necessary for rehearsals by the chorus, and they were published in connection with the music; but that she

never, before the dedication day, gave any permission for the publication or public use of any other part of the poem.

The plaintiff also testified that in May, 1892, she applied to the librarian of Congress for a copyright of the ode, and deposited with him a copy of its title only; and on October 22, the day after the dedicatory ceremonies, and not before, deposited with him two copies of the ode.

At the close of the whole evidence, the defendant moved the court to direct a verdict for the defendant, upon the grounds that the plaintiff had failed to show title to the ode; that she had disposed of her rights of property in the ode to the World's Columbian Exposition; that, in view of the contemplated publication in the newspapers, there could be no valid retention of any copyright; that any newspaper publication was an infringement of the rights of the Exposition, and not of the plaintiff; and that the only reservation in the contract between her and the Exposition was of her copyright, and, in view of the fact that no copyright was taken out until after October 21, there had been no infringement of her copyright; and upon the further grounds "that the plaintiff has failed to make out a cause of action, in that this is an action founded upon a statute which authorizes the maintaining of an action for damages occasioned to the plaintiff, and, in view of the fact that there is no evidence in this case of the plaintiff's having suffered damage, no cause of action has been made out;" and "that the statutes and Constitution of the United States have taken away the common law right, and all remedies, except under the statutes of the United States."

The court overruled this motion, as well as a subsequent motion to instruct the jury accordingly; and instructed the jury as follows:

"The action is not an action of libel. It is an action to recover damages for the alleged violation of the plaintiff's copyright in her unpublished manuscript ode. It is an action for an injury to property.

"Copyright is of two kinds. The first is the common law right of an author or proprietor of an unpublished manuscript

to the possession and control of his or her manuscript, and to direct and control the circulation of the copies which he or she may make or cause to be made for his or her use, prior to the publication thereof. It is the original ownership of the manuscript, and of the copies which the author or proprietor has made for his or her use, before it is given to the public. Statutory copyright is the exclusive right granted by statute to the owner or proprietor of a printed book or other printed publication to publish, print and sell copies of the book or publication, for a specific period of time. If the statutory formalities have been complied with, the right becomes complete upon the publication of the book.

"This case is not one of statutory copyright. While some of the preliminaries to the establishment of such a right had been taken, the right was not complete, and on September 24, 1892, did not exist. On that day, a copy of the unpublished manuscript came into the possession of the defendant. It had not then been published, although typewritten copies had been made for the examination and use of the musical composer, and for the examination of the committee whose duty it was to approve the work. This circulation of copies did not amount to what the law calls publication.

"The exclusive owner or proprietor of an unpublished manuscript has the exclusive right to its possession, and to direct and control its use — the same right which the owner of any other article of personal property has to its ownership and use. The trespasser upon that right is liable in damages."

The court further instructed the jury that the Exposition, by the terms of its contract with the plaintiff, "had the legal right to distribute copies to the newspaper press, and for free publication, before as well as after the day of dedication;" but that, "subject to those concessions, the author reserved her other rights of copyright therein;" and that the plaintiff, upon the evidence in the case, might recover exemplary damages against the defendant.

The defendant excepted to the instructions given, and to the refusal to instruct as requested. The jury returned a verdict for the plaintiff in the sum of $5000, and judgment

was rendered thereon, which was affirmed by the Circuit Court of Appeals. 38 U. S. App. 410. The defendant thereupon sued out the present writ of error, and a motion was now made to dismiss it for want of jurisdiction.

*Mr. George H. Yeaman* and *Mr. Henry S. Monroe* for the motion.

*Mr. John M. Bowers* opposing.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

Of suits of a civil nature, at law or in equity, the Circuit Courts of the United States have original jurisdiction, by reason of the citizenship of the parties, in cases between citizens of different States or between citizens of a State and aliens; and by reason of the cause of action, "in cases arising under the Constitution or laws of United States, or treaties made or which shall be made under their authority," including, of course, suits arising under the patent or copyright laws of the United States. Act of August 13, 1888, c. 866, § 1; 25 Stat. 433; Rev. Stat. § 629, cl. 9. In order to give the Circuit Court jurisdiction of a case as one arising under the Constitution, laws or treaties of the United States, that it does so arise must appear from the plaintiff's own statement of his claim. *Colorado Co.* v. *Turck*, 150 U. S. 138; *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454; *Oregon &c. Railway* v. *Skottowe*, 162 U. S. 490; *Hanford* v. *Davies*, 163 U. S. 273.

From final judgments of the Circuit Court in civil suits an appeal or writ of error lies to this court, or to the Circuit Court of Appeals. It lies directly to this court in any case in which the jurisdiction of the Circuit Court is in issue; and in such case the question of jurisdiction only is certified to and decided by this court. It also lies directly from the Circuit Court to this court in cases involving the construction or application of the Constitution, or the constitutionality of a law, or the validity or construction of a treaty, of the United States,

or in which the constitution or a law of a State is claimed to be in contravention of the Constitution of the United States; and in any of these cases the appellate jurisdiction of this court is not limited to the constitutional question, but extends to the determination of the whole case. Act of March 3, 1891, c. 517, § 5; 26 Stat. 827, 828; *Horner* v. *United States*, 143 U. S. 570; *Chappell* v. *United States*, 160 U. S. 499.

From final judgments of the Circuit Court in all other civil suits an appeal or writ of error lies to the Circuit Court of Appeals; and the judgments rendered thereon by the Circuit Court of Appeals are final (unless this court, by writ of certiorari or otherwise, orders the whole case to be brought up for its decision) in all cases in which the jurisdiction of the Circuit Court "is dependent entirely upon the parties being aliens and citizens of the United States, or citizens of different States;" as well as in cases arising under the patent laws, or under the revenue laws. In all other civil actions (including those arising under the copyright laws of the United States), if the matter in controversy exceeds $1000, besides costs, there is, as of right, an appeal or writ of error to bring the case to this court. Act of March 3, 1891, c. 517, § 6.

This plaintiff in error, having been defeated in the Circuit Court, did not bring the case directly to this court, as one involving the construction or application of the Constitution of the United States, or upon any other of the grounds specified in section 5 of the act of 1891. But it took the case, under section 6, to the Circuit Court of Appeals, and having been again defeated in that court, now claims, as of right, a review by this court of the judgment of the Circuit Court of Appeals.

The judgment of the Circuit Court of Appeals being made final in all cases in which the jurisdiction of the Circuit Court is dependent entirely upon the parties being citizens of different States, but not final in cases arising under the copyright laws of the United States, where the matter in controversy exceeds $1000, the test of the appellate jurisdiction of this court over the case at bar is whether it was one arising under the copyright laws of the United States, or was one in which

the jurisdiction of the Circuit Court wholly depended upon the parties being citizens of different States.

The complaint, alleging that the plaintiff was a citizen of Illinois and the defendant a citizen of New York, and claiming damages in a sum of more than $2000, showed that the Circuit Court had jurisdiction of the case by reason of the parties being citizens of different States. The plaintiff, in her complaint, did not claim any right under the Constitution and laws of the United States, or in any way mention or refer to that Constitution or to those laws; and, at the trial, she relied wholly upon a right given by the common law, and maintained her action upon such a right only. It was the defendant, and not the plaintiff, who invoked the Constitution and laws of the United States. This, as necessarily follows from the foregoing considerations, and as was expressly adjudged in *Colorado Co.* v. *Turck,* above cited, is insufficient to support the jurisdiction of this court to review, by appeal or writ of error, the judgment of the Circuit Court of Appeals.

The jurisdiction of the Circuit Court having been obtained and exercised solely because of the parties being citizens of different States, the judgment of the Circuit Court of Appeals was final, and the writ of error must be

*Dismissed for want of jurisdiction.*