Richard PERRY, Plaintiff-Appellant,

v.

Roland H. ST. PIERRE, Mayor of the City of Plattsburgh, New York, et al., Defendants-Appellees.

No. 496, Docket 74–2348.

United States Court of Appeals, Second Circuit.

Argued April 7, 1975.

Decided May 29, 1975.

J. Byron O'Connell, Plattsburgh, N. Y., for plaintiff-appellant.

John W. Tabner, Albany, N. Y. (Tabner, Carlson, Daffner & Farrell, Albany, N. Y., of counsel), for defendants-appellees.

Before HAYS, GURFEIN, and VAN GRAAFEILAND, Circuit Judges.

GURFEIN, Circuit Judge:

The plaintiff, Richard Perry, a police officer in the City of Plattsburgh for eighteen and a half years, and having only one and a half years remaining for entitlement to his retirement benefits, ran for the office of Area Legislator from the City of Plattsburgh to the ten-member Board of Legislators of the County of Clinton.

Shortly after he had announced his candidacy, Perry was notified by Roland H. St. Pierre, Mayor of Plattsburgh, that his candidacy and campaign efforts "[might] constitute a violation of Section 88 of the [City] Charter, which could result in the forfeiture of [his] employment as a member of the Plattsburgh Police Department." In spite of the warning, Perry ran and was elected.

Section 88 of the City Charter ("the statute") provides:

"It is unlawful for any police officer to solicit any person to vote at any political caucus, primary or election for any candidates, or to challenge any voter, or in any manner to attempt to influence any voter at any political caucus, primary, or and * any election or to be a member of any political committee; and any person violating the provisions of this section shall forfeit his position under the city government."

Perry sought and obtained a temporary restraining order from Judge Foley restraining the Mayor and the other city father defendants from taking any action against him pursuant to Section 88. He alleged jurisdiction under 42 U.S.C. § 1983, though he failed to mention its

* So in original.

jurisdictional counterpart, 28 U.S.C. § 1343. Judge Foley thereafter denied a motion for a preliminary injunction, which order is here on appeal.

The plaintiff makes four constitutional arguments: 1) that the statute is overbroad and has a "chilling effect" on free speech; 2) that the statute is facially unconstitutional in that it regulates free speech, association and political activities protected by the First and Fourteenth Amendments; 3) that it denies equal protection because only police and not other municipal employees are subject to Section 88; and 4) that Section 88 is void for vagueness and indefiniteness.

We affirm essentially on the well-considered opinion of Judge Foley below.

This field of constitutional law has been recently replowed. The Supreme Court in U.S. Civil Service Commission v. National Assn. of Letter Carriers, 413 U.S. 548, 556, 93 S.Ct. 2880, 2886, 37 L.Ed.2d 796, 804 (1973) and Broadrick v. Oklahoma, 413 U.S. 601, 616, 93 S.Ct. 2908, 2918, 37 L.Ed.2d 830, 842–43 (1973), reaffirmed the doctrine of United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1945), that Civil Service employees may be prohibited from engaging in specified partisan political activities.

■ The statute is not "substantially overbroad" as having a "chilling effect" on free speech, cf. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), when judged in relation to its regulation of constitutionally unprotected conduct rather than "pure speech." Broadrick v. Oklahoma, supra, 413 U.S. at 615, 93 S.Ct. at 2918. Perry cannot assert that it is facially unconstitutional because his act of running for office perforce "attempt[ed] to influence any voter at . . . any election", § 88, and is thus clearly within the ambit of the statute, id., 413 U.S. at 610–11, 93 S.Ct. at 2914–15. A candidacy must, by its very purpose, influence voters one

way or another and the chance that other constitutionally protected speech might hypothetically be drawn within the terms of § 88 cannot be our concern. Id. The statute does not deny equal protection by singling out police officers from other municipal employees because "a State can hardly be faulted for attempting to limit the positions upon which such restrictions are placed." 413 U.S. at 607 n. 5, 93 S.Ct. at 2913. Nor is the statute void for vagueness and indefiniteness, id., 413 U.S. at 607–08, 93 S.Ct. at 2913–14; Letter Carriers, supra, 413 U.S. at 575–80, 93 S.Ct. at 2895–98.

■ Judge Foley found that there is little likelihood of success on the merits of the plaintiff's case. We agree. Accordingly, we also agree with his denial of a preliminary injunction. Gulf & Western Industries, Inc. v. Great A. & P. Tea Co., Inc., 476 F.2d 687, 692–93 (2 Cir. 1973).

■ The only possible point of distinction from the ordinary case of a police officer engaging in partisan political activity is the fact that the plaintiff was totally disabled by injuries sustained in the line of duty on January 26, 1973. Since then he has been paid his full salary under Section 207–c of New York's General Municipal Law, McKinney's Consol.Laws, c. 24, for which the City of Plattsburgh is largely reimbursed from the New York Workmen's Compensation Carrier. Arguably, Perry might in that circumstance be thought not to be a "police officer" within the meaning of § 88. In the absence of a contrary construction by the state court, however, we must take the statute as it appears on its face. The plaintiff is a "police officer" under the statute unless the state court should construe it otherwise. This may be another case where the plaintiff could have been better off seeking relief in the state court. Our decision is, of course, without prejudice to his seeking such relief if it is available.

Affirmed.