David **ARBEITMAN,**
Petitioner-Appellant,

v.

**DISTRICT COURT OF VERMONT**
et al., Appellees.

**No. 1124, Docket 74–2509.**

United States Court of Appeals,
Second Circuit.

Argued June 10, 1975.

Decided Sept. 16, 1975.

---

M. Jerome Diamond, Atty. Gen., State of Vt. (Richard M. Finn, Asst. Atty. Gen., Barre, Vt., on the brief), for appellees.

Richard S. Kohn, Montpelier, Vt. (American Civ. Liberties Union of Vt., Inc., of counsel), for petitioner-appellant.

Before FEINBERG, OAKES and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

On May 11, 1972, appellant, a demonstrator, seated himself in the doorway of the Federal Building in Montpelier, Vermont, with his back against the entrance door. In order for people to enter the building, it was necessary for him to be shoved out of the way. This was accomplished by the building guard pushing on the door from the inside and would-be entrants pulling on it from the outside. Heedless of warnings from the State's Attorney, petitioner remained in this position until arrested, although he knew that anyone trying to gain admittance would be required to push him out of the way.

He challenges his conviction under 13 V.S.A. § 1026(5) which reads in part as follows:

"A person who, with intent to cause public inconvenience, or annoyance or recklessly creating a risk thereof;

.    .    .    .    .

(5) Obstructs vehicular or pedestrian traffic, shall be imprisoned for not

more than 60 days or fined not more than $500.00 or both."

Petitioner's protest, directed originally against the Vietnam war, is now against the constitutionality of this statute. After exhausting his remedies in the State courts of Vermont,[1] he petitioned for a writ of habeas corpus in the United States District Court for the District of Vermont. This is an appeal from the order of Judge Coffrin dismissing his petition.

Appellant's argument, in brief, is that the statute is both unconstitutionally vague and unconstitutionally overbroad. Judge Coffrin rejected both contentions, and we find no error in such rejection.

█ In *Cameron v. Johnson*, 390 U.S. 611, 616, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1967), the Supreme Court said that the term "obstruct" requires no guessing as to its meaning. An obstruction which inconveniences or annoys is as readily recognizable. The language of this statute is distinguishable from that of the ordinance found unconstitutionally vague in *Coates v. City of Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971), which prohibited "conduct" of three or more persons assembled on a sidewalk which was "annoying" to persons passing by. Annoying conduct may come in a multitude of "shapes, sizes and colors" and is almost impossible to define or standardize. However, as Mr. Justice White stated in his dissenting opinion in *Coates*, "Any man of average comprehension should know that some kinds of conduct, such as assault or blocking passage on the street, will annoy others . . . ." *Id.* at 618, 91 S.Ct. at 1690.

A similar distinction may be made with regard to the Massachusetts statute held unconstitutionally vague in *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974), which prohibited contemptuous treatment of the American flag. As the Court pointed out, "What is contemptuous to one man may be a work of art to another." *Id.* at 573, 94 S.Ct. at 1247.

An obstruction which inconveniences or annoys is a physical condition which is apparent to all "men of common intelligence." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Recognition of its existence is not dependent upon the "personal predilections" of policemen, prosecutors and juries. *Smith v. Goguen, supra*, at 575, 94 S.Ct. 1242.

In *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1971), the Supreme Court affirmed a conviction under a Kentucky statute which prohibited congregating in a public place and refusing a lawful police order to disperse "with intent to cause public inconvenience, or alarm, or recklessly creating a risk thereof". The Court said:

> "We agree with the Kentucky court when it said: 'We believe that citizens who desire to obey the statute will have no difficulty in understanding it. . . .'" [citation omitted.]

*Id.* at 110, 92 S.Ct. at 1957.

We believe the same observation may properly be made with regard to the Vermont statute herein.

█ Appellant, while conceding that his conduct constituted a "hard-core" violation of the statute,[2] argues, nonetheless, that the statute is facially overbroad and therefore unconstitutional. He contends that it would proscribe all parades, street assemblies and protest demonstrations and any other concerted activity that might cause an obstruction of pedestrian traffic.

█ It is now settled "that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may

---

1. See *State of Vermont v. Arbeitman*, 131 Vt. 596, 313 A.2d 17 (1973).

2. This concession is fatal to any claim by appellant that § 1026(5) is unconstitutional as

applied to him. *See United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

be applied unconstitutionally to others, in other situations not before the Court". *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973). In the First Amendment context attacks have been permitted on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a narrowly drawn statute. *Parker v. Levy*, 417 U.S. 733, 759, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). However, when, as here, conduct and not merely speech is involved, the overbreadth must "not only be real but substantial as well, judged in relation to the statute's plainly legitimate sweep". *Broadrick, supra*, 413 U.S. at 615, 93 S.Ct. at 2918; *Perry v. St. Pierre*, 518 F.2d 184 (2d Cir. 1975).

As the statute herein has been construed by the Vermont Supreme Court, one cannot be convicted under it for "spewing words or ideas" at the public which are "offensive, abusive or distasteful". "The obstruction must be a physical obstruction, a result of the body or objects and not of minds or words." [3]

A state may properly legislate to prevent persons from blocking sidewalks and obstructing traffic, *Coates v. City of Cincinnati, supra*, 402 U.S. at 614, 91 S.Ct. 1686, and demonstrators may not insist upon the right to cordon off a street or entrance to a public building. *Cox v. Louisiana*, 379 U.S. 536, 555, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965). This significant governmental interest justifies legislation aimed only at physical obstruction, a result of body or objects, intended to cause public inconvenience.

We are reluctant to strike down a statute where there are a substantial number of situations to which it can be validly applied. "As presently construed, we do not believe that [§ 1026(5)] must be discarded *in toto* because some persons' arguably protected conduct may or may not be caught or chilled by the stat-

ute. Section [1026(5)] is not substantially overbroad and is not, therefore, unconstitutional on its face." *Broadrick, supra*, 413 U.S. at 618, 93 S.Ct. at 2919.

We affirm.

---

**3.** This narrowing or limiting construction of the statute, although made in the instant case, may properly be considered by this Court. *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).