**UNITED STATES of America, Appellee,**

v.

**George E. GIRARD, Jr., Paul A. Lambert, Appellants.**

**Nos. 556, 557, Dockets 78–1191, 78–1292.**

United States Court of Appeals, Second Circuit.

Argued Jan. 18, 1979.

Decided June 20, 1979.

**70**

Charles Norman Shaffer, Rockville, Md. (Shaffer & Davis, Peter I. J. Davis, Rockville, Md., of counsel), for appellant Lambert.

Robert F. Collins, Dorchester, Mass., for appellant Girard.

Richard Blumenthal, U. S. Atty., and Michael Hartmere, Asst. U. S. Atty., D. Conn., New Haven, Conn., for appellee.

Before OAKES, GURFEIN, and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Appellants have appealed from judgments convicting them of the unauthorized sale of government property (18 U.S.C. § 641) and of conspiring to accomplish the sale (18 U.S.C. § 371). Appellant Girard also appeals from his separate conviction on a third count charging possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)).

In May 1977, appellant Lambert was an agent of the Drug Enforcement Administration, and Girard was a former agent. During that month, Girard and one James Bond began to discuss a proposed illegal venture that involved smuggling a planeload of marijuana from Mexico into the United States. Girard told Bond that for $500 per name he could, through an inside source, secure reports from the DEA files that would show whether any participant in the proposed operation was a government informant. Unfortunately for Mr. Girard, Bond himself became an informant and disclosed his conversations with Girard to the DEA. Thereafter, dealings between Bond and Girard were conducted under the watchful eye of the DEA. Bond asked Girard to secure reports on four men whose names were furnished him by DEA agents. DEA records are kept in computerized files, and the DEA hoped to identify the inside source by monitoring access to the four names in the computer bank. In this manner, the DEA learned that Girard's informant was Lambert, who obtained the reports through a computer terminal located in his office. The convictions on Counts One and Two are based on the sale of this information.

█ Section 641, so far as pertinent, provides that whoever without authority sells any "record . . . or thing of value" of the United States or who "receives . . . the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted", shall be guilty of a crime. Appellants contend that the statute covers only tangible property or documents and therefore is not violated by the sale of information. This contention was rejected by District Judge Daly in a well-reasoned opinion reported at 446 F.Supp. 890. We agree with the District Judge's decision and can do little more than harrow the ground he has already plowed.

Like the District Judge, we are impressed by Congress' repeated use of the phrase "thing of value" in section 641 and its predecessors. These words are found in so many criminal statutes throughout the United States that they have in a sense become words of art. The word "thing" notwithstanding, the phrase is generally construed to cover intangibles as well as tangibles. For example, amusement is held to be a thing of value under gambling statutes. *Giomi v. Chase*, 47 N.M. 22, 25–26, 132 P.2d 715, 716–17 (1942); *Hightower v. State*, 156 S.W.2d 327, 328 (Tex.Civ.App. 1942); *State v. Baitler*, 131 Me. 285, 287, 161 A. 671, 672 (1932). Sexual intercourse, or the promise of sexual intercourse, is a thing of value under a bribery statute. *McDonald v. State*, 57 Ala.App. 529, 329 So.2d 583, 587–88 (1975), *cert. denied*, 429 U.S. 834, 97 S.Ct. 99, 50 L.Ed.2d 99 (1976); *Scott v. State*, 107 Ohio St. 475, 485–87, 141 N.E. 19, 22–23 (1923). So also are a promise to reinstate an employee, *People ex rel. Dickinson v. Van De Carr*, 87 App.Div. 386, 389–90, 84 N.Y.S. 461, 463–64 (1st Dep't 1963), and an agreement not to run in a primary election, *People v. Hochberg*, 62 A.D.2d 239, 246–47, 404 N.Y.S.2d 161, 167 (3d Dep't 1978). The testimony of a witness is a thing of value under 18 U.S.C. § 876, which prohibits threats made through the mails with the intent to extort money or any other "thing of value." *United States v. Zouras*, 497 F.2d 1115, 1121 (7th Cir. 1974).

Although the content of a writing is an intangible, it is nonetheless a thing of value. The existence of a property in the contents of unpublished writings was judicially recognized long before the advent of copyright laws. *Mazer v. Stein*, 347 U.S. 201, 214–15, 74 S.Ct. 460, 98 L.Ed. 630 (1954); *Wheaton v. Peters*, 8 Pet. 591, 657, 33 U.S. 591, 657, 8 L.Ed. 1055 (1834); *Press Pub. Co. v. Monroe*, 73 F. 196, 199 (2d Cir.), *appeal dismissed*, 164 U.S. 105, 17 S.Ct. 40, 41 L.Ed. 367 (1896). This property was "not distinguishable from any other personal property" and was "protected by the same process, and [had] the benefit of all the remedies accorded to other property so far as applicable." *Palmer v. De Witt*, 47 N.Y. 532, 538 (1872). Although we are not concerned here with the laws of copyright, we are satisfied, nonetheless, that the Government has a property interest in certain of its private records which it may protect by statute as a thing of value. It has done this by the enactment of section 641. *See United States v. Friedman*, 445 F.2d 1076, 1087 (9th Cir.), *cert. denied*, 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971) (transcript of grand jury proceedings). Section 641 is not simply a statutory codification of the common law of larceny. *See Morissette v. United States*, 342 U.S. 246, 269 n.28, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Indeed, theft is not a requisite element of the proscribed statutory offense, which is based upon unauthorized sale or conversion. *United States v. Sher*, 418 F.2d 914, 915 (9th Cir. 1969). If, as the Court said in *Morissette, supra*, conversion is the "misuse or abuse of property" or its use "in an unauthorized manner", the defendants herein could properly be found to have converted DEA's computerized records.

■ The District Judge also rejected appellants' constitutional challenge to section 641 based upon alleged vagueness and overbreadth, and again we agree with his ruling. Appellants, at the time of the crime a current and a former employee of the DEA, must have known that the sale of DEA confidential law enforcement records was prohibited. The DEA's own rules and regulations forbidding such disclosure may be considered as both a delimitation and a clarification of the conduct proscribed by the statute. *See United States Civil Service Commission v. National Association of Letter Carriers*, 413 U.S. 548, 576–79, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *Adamian v. Jacobsen*, 523 F.2d 929, 932–35 (9th Cir. 1975). Where, as here, we are not dealing with defendants' exercise of a first amendment freedom, we should not search for statutory vagueness that did not exist for the defendants themselves. *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); *Williams v. United States*, 341 U.S. 97, 104, 71 S.Ct. 576, 95

L.Ed. 774 (1951); *United States v. Swarovski*, 592 F.2d 131, 133 (2d Cir. 1979). Neither should we find a constitutional infirmity simply because the statute might conceivably trespass upon the first amendment rights of others. *Arnett v. Kennedy*, 416 U.S. 134, 158–64, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Colten v. Kentucky*, 407 U.S. 104, 110–11, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). In view of the statute's plainly legitimate sweep in regulating conduct, it is not so substantially overbroad that any overbreadth that may exist cannot be cured on a case by case basis. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615–16, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Arbeitman v. District Court*, 522 F.2d 1031, 1033–34 (2d Cir. 1975).

■ Appellants' remaining assertions of error require but brief comment. In Count Two of the indictment, appellants were charged with the unlawful sale and receipt of the records of four individuals. Appellants contend that this count was duplicitous in that it charged four separate offenses. *See* Fed.R.Crim.P. 8(a). The Government's position, on the other hand, is that the four sales were part of a single continuing scheme. The District Court did not abuse its discretion in permitting them to be treated as such. *Cohen v. United States*, 378 F.2d 751, 754 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967).

■ The District Court likewise did not abuse its sound discretion in refusing to sever the trial of the two defendants. Where, as here, the crime charged involves a common scheme or plan, a joint trial of the participants is proper, absent a clear showing of prejudice. *United States v. Arroyo–Angulo*, 580 F.2d 1137, 1144 (2d Cir. 1978); *United States v. Green*, 561 F.2d 423, 426 (2d Cir. 1977), *cert. denied*, 434 U.S. 1018, 98 S.Ct. 739, 54 L.Ed.2d 764 (1978). Appellants have made no such showing in this case.

■ We find no merit in appellants' contention that Girard's portion of a tape-recorded telephone conversation with Lambert was improperly admitted into evidence. On July 13, 1977, a meeting in a New Haven motel room between Girard, Bond, and an undercover DEA agent was tape-recorded with the knowledge and consent of Bond and the agent. During this meeting, Girard made a telephone call to Lambert in the presence of Bond and the DEA agent, and his conversation was of course recorded. Girard does not contend he had an expectation of privacy that would preclude Bond and the DEA agent from testifying as to what he said. *See United States v. Llanes*, 398 F.2d 880, 883–84 (2d Cir. 1968), *cert. denied*, 393 U.S. 1032, 89 S.Ct. 647, 21 L.Ed.2d 576 (1969). Under the circumstances, he cannot complain because his words were recorded with their consent. *United States v. Santillo*, 507 F.2d 629, 632–35 (3d Cir.), *cert. denied*, 421 U.S. 968, 95 S.Ct. 1960, 44 L.Ed.2d 457 (1975).

Moreover, the telephone conversation played no part in the development of the Government's case against Lambert. Immediately following the recorded conversation, the government agents involved in the investigation were instructed not to attempt to identify the person with whom Girard was talking and not to use any information derived from the conversation in the course of their investigation. Testimony introduced during a six-day suppression hearing showed that Lambert was already the "chief suspect" as Girard's inside source at the time of the July 13 telephone call and that his activities were already being monitored. The District Court found that none of the Government's evidence against Lambert was tainted by the call, and that finding is supported by the proof. Under those circumstances, the District Court did not err in receiving the evidence as to Lambert, which was part of an ongoing investigation and not the "fruit of the poisonous tree". *United States v. Ceccolini*, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978); *United States v. San Martin*, 469 F.2d 5, 8 (2d Cir. 1972), *cert. denied*, 410 U.S. 934, 93 S.Ct. 1388, 35 L.Ed.2d 598 (1973).

■ Evidence of other conversations between co-conspirators which took place

during the course of the conspiracy and in furtherance of it was clearly admissible. *United States v. Green*, 523 F.2d 229, 233 (2d Cir. 1975), *cert. denied*, 423 U.S. 1074, 96 S.Ct. 858, 47 L.Ed.2d 84 (1976). The District Judge, in the exercise of his sound discretion, was entitled to place reasonable limits on the scope of appellants' cross-examination of the witness Bond. *See United States v. Carr*, 584 F.2d 612, 617 (2d Cir. 1978). Appellant Girard did not show any compelling and legitimate need for calling an Assistant United States Attorney as a witness, and the District Court did not err in refusing to permit it. *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975), *cert. denied*, 424 U.S. 942, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976). Finally, we see no error in the District Court's charge.

The evidence was amply sufficient to support the judgments of conviction on all counts. Appellants' claims of procedural error are without merit. The judgments appealed from are affirmed.