**UNITED STATES of America,**

v.

**Alonzo JONES, Defendant.**

**No. 87 Cr. 1664.**

United States District Court,
S.D. New York.

Jan. 27, 1988.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (Christine Gray, Asst. U.S. Atty., of counsel), for U.S.

Caesar D. Cirigliano, Federal Defenders Unit, The Legal Aid Society, New York City (David B. Levitt, of counsel, Wendy Gardner, on brief), for defendant.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

On October 8, 1987,[1] the government presented a United States Magistrate with a complaint charging the defendant Alonzo Jones with a violation of 18 U.S.C. § 641. The Magistrate, finding that there had been no showing of probable cause, dismissed the complaint. The government subsequently appealed. On review, this court finds that the complaint against Jones is indeed supported by probable cause.

## BACKGROUND

The complaint charges Jones with a violation of 18 U.S.C. § 641. Section 641 provides in pertinent part: "[w]hoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States ... [s]hall be [subject to criminal penalties]." The alleged events constituting Jones' violation of the statute are as follows.

On October 5, 1987, while visiting the offices of the United States Attorney for the Southern District of New York, Jones overheard certain conversations between personnel of that office and two United States Postal inspectors. Those conversations, which took place in both a reception area and in an individual office, concerned an on-going non-public criminal investigation of an employee of Barclays Bank ("Barclays").

Jones subsequently proceeded to a Barclays facility where he indicated that he had information regarding a criminal investigation of an employee of that bank. Jones further indicated that he would impart that information if paid approximately one hundred dollars.

A Barclays representative alerted U.S. Postal Inspector Sara-Ann Levinson of Jones' Offer. Levinson, accompanied by another Postal Inspector, met with Jones at Barclays. The two inspectors, posing as Barclays employees, spoke with Jones. After some discussion, Jones imparted the information he acquired at the U.S. Attorney's office and Inspector Levinson paid him sixty dollars.

### Probable Cause

The government appeals the Magistrate's ruling that the complaint against Jones was not supported by probable cause. The determination of probable cause requires a practical determination that "the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." *Jaben v. United States*, 381 U.S. 214, 224–25, 85 S.Ct. 1365, 1371, 14 L.Ed.2d 345 (1965). Although the evidence necessary to support probable cause need not reach the level of evidence necessary to support a conviction, it must constitute more than rumor, suspicion, or a strong reason to suspect. *United States v. Fisher*, 702 F.2d 372, 375 (2d Cir.1983); *United States v. Casanova*, 213 F.Supp. 654, 656 (S.D.N.Y.1963). In particular, the government must make a showing which would be sufficient to warrant a person of reasonable caution in holding the belief that 1) an offense has been or is being committed 2) by the person to be arrested. *Fisher*, 702

---

1. The complaint against Jones was previously presented to the Magistrate on October 6, 1987. Finding an absence of probable cause, the Magistrate rejected the complaint. The government appealed that determination to the miscellaneous part of this court. Noting inaccuracies in the complaint's recitation of the text of 18 U.S.C. § 641, this court remanded the complaint for reconsideration. On October 8, 1987, the Magistrate rejected an amended complaint. The instant appeal is from the second rejection of the complaint against Jones.

F.2d at 375. The court is satisfied that such a showing has been made in the instant case.

### Vagueness

■ The defendant contends that probable cause is absent due to the vagueness and overbreadth.[2] of 18 U.S.C. § 641. A statute will be void for vagueness if individuals of common intelligence must of necessity guess at its meaning. *Broadrick v. Oklahoma*, 413 U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973). In determining whether this criterion has been met, the court is to refer to the language of the statute and the judicial interpretations of that language. *See Grayned v. City of Rockford*, 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972).

The defendant argues that two elements of Section 641 are unconstitutionally vague as applied to the facts of the instant case. Specifically, defendant queries: "First, is information lawfully obtained a 'thing of value' under Section 641? Second, could the transfer of lawfully obtained information reasonably be apprehended as an 'unauthorized sale' for purposes of Section 641?" Defendant's Memo at 6.

Under Second Circuit precedent, it is clear that information about an ongoing criminal investigation, despite its intangible nature, is a thing of value under Section 641. *See United States v. Girard*, 601 F.2d 69, 70–71 (2d Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979); *but see United States v. Tobias*, 836 F.2d 449 (9th Cir.1988) (in Ninth Circuit, Section 641 held inapplicable to intangibles). It is equally clear that the government has a property interest in such information. *Girard*, 601 F.2d at 70–71. Defendant's argument, however, ultimately

lies with the claim that as he obtained the information in question legally, there could have been no violation of the statute. This argument is unavailing.

Although defendant refers to Section 641 as the "theft of government property statute," Defendant's Memo. at 3, the purview of that statute is not limited to the theft of property. Section 641 also subjects one who "knowingly converts to his use or the use of another, *or* without authority, sells, conveys or disposes of any . . . thing of value of the United States" to criminal sanctions. 18 U.S.C. § 641 (emphasis added). Thus, Jones' acquisition of the information without wrongdoing is not necessarily fatal to the complaint. *See United States v. Girard*, 601 F.2d 69, 71 (2d Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979) (theft not required element of offense); *United States v. Sher*, 418 F.2d 914, 915 (9th Cir.1969) (government not required to show how defendant acquired property). Section 641 may be violated by the conversion of government property. Conversion does not require that the property in question be initially acquired through any wrongdoing. *Morissette v. United States*, 342 U.S. 246, 271–72, 72 S.Ct. 240, 254, 96 L.Ed. 288 (1952). Similarly, the means by which the property was acquired is irrelevant to the question of whether such property was transferred without authority, an alternative means of violating the statute.

Accordingly, the court finds that under the existing law, Jones had adequate notice that Section 641 proscribed certain dispositions of government property regardless of whether that property was legally obtained. Furthermore, the court finds that the defendant had adequate notice that

---

**2.** The doctrines of vagueness and overbreadth are often quite distinct. Vagueness refers to the constitutional prohibition on unclear statutes which leave potential wrongdoers without notice of what specific behavior is proscribed. The vagueness doctrine thus helps ensure due process of law and in particular acts to dissuade arbitrary or discriminatory law enforcement. *United States v. Lambert*, 446 F.Supp. 890, 897 (D.Conn.1978), *aff'd sub. nom., United States v. Girard*, 601 F.2d 69 (2d Cir.), *cert. denied*, 444

U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). Overbreadth, on the other hand, relates to the First Amendment and usually applies when statutory language is clear, but proscribes activities in which people have a right to engage. *Id.* In the instant case, defendant attacks Section 641 on the ground that it unduly restricts the right to free speech. In a case where there is a claim of an ambiguously worded statute infringing on First Amendment rights, the doctrines of vagueness and overbreadth tend to merge. *Id.*

non-public[3] information is a thing of value belonging to the United States. Thus, there is no unconstitutional vagueness regarding this element of Section 641.

Defendant also contends that Section 641's prohibition on unauthorized transfer of government property is unconstitutionally vague. The defendant, in particular, objects that the phrase "without authority" is virtually without meaning in the case of transfer of information. That phrase, however, was addressed by the Sixth Circuit in *United States v. Jeter,* 775 F.2d 670 (6th Cir.1985), *cert. denied,* 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986). The phrase "without authority" is not so vague as to leave Jones without notice of the prohibited nature of his acts. The term "without authority" apparently serves to modify Section 641 so that government employees, in the appropriate course of their duties, would not fall within the purview of that statute. *Id.* at 681. The scope of Section 641's prohibition on the transfer of information is further defined by the fact that the statute does not establish a strict liability offense. *See Morissette v. United States,* 342 U.S. 246, 263, 72 S.Ct. 240, 249, 96 L.Ed. 288 (1952). Disclosures of information will not constitute an offense if such disclosure was merely due to inadvertence, negligence, or recklessness. *United States v. Jeter,* 775 F.2d 670, 681 (6th Cir. 1985), *cert. denied,* 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986). In the instant case, Jones overheard information pertaining to an on-going criminal investigation and wilfully sought to transfer it for his own personal gain. Thus, Jones' actions, as alleged in the complaint, would not fall

under these exceptions. Further, the defendant's actions in transferring the information were allegedly intended to frustrate the government's efforts to combat crime. Given the government's long standing practice of maintaining the confidentiality of information relevant to on-going criminal investigations, and given the government's obvious interest in maintaining such confidentiality, the defendant could reasonably know the proscribed nature of his alleged actions. *See United States v. Lambert* 446 F.Supp. 890, 899 (D.Conn.1978), *aff'd sub. nom., United States v. Girard,* 601 F.2d 69 (2d Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). Thus, the court finds that under the existing law, Jones was on adequate notice that his transfer of information was without authority,[4] and that transfer of non-public information relating to an on-going criminal investigation fell within the preview of Section 641.

### Overbreadth

■ Section 641 may be used to punish the unauthorized disclosure of government information. Government information, however, is often at the very core of discussion of pressing public issues. Government secrecy is essentially autocratic, can perpetrate bureaucratic errors, and inhibits the robust and wide open discussion essential to the American form of government. *United States v. Lambert,* 446 F.Supp. 890, 898 (D.Conn.1978), *aff'd sub. nom., United States v. Girard,* 601 F.2d 69 (2d Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). Accordingly, the

**3.** The defendant alleges that in the instant case the government had made the information public. Because Jones knew the information had value—he tried to sell the information for $100—and he knew that value was related to where he heard it, the U.S. Attorney's Office, it is reasonable to infer that Jones knew he was selling non-public government information. The ultimate determination of the question of whether the government abandoned its property interest in the information, however, should be left to the trial jury. At this juncture, this court's task is to determine whether there is probable cause to believe Jones violated 18 U.S.C. § 641. The court finds that such probable cause exists.

**4.** The defendant also objects that he could not have been on notice that the transfer was proscribed when he believed the government had given up its interest in the property. As stated earlier, *see supra* note 3, the behavior alleged in the complaint indicates Jones did believe the government had retained its interest in non-public information. The ultimate resolution of this issue must await the trial in the instant case. It is apparent, however, that probable cause exists to believe that with mens rea, and without authority, the defendant did transfer valuable non-public government information.

Constitution strictly limits interference with the right to disseminate and receive information. *See id.* (collecting cases). Thus, as noted by the defendant, the application of Section 641 to the transfer of government information does raise First Amendment issues.

Nevertheless, in the instant case, there is no constitutional infirmity in the application of the statute. In *United States v. Girard,* 601 F.2d 69 (2d Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979), the government prosecuted an ex-agent of the Drug Enforcement Administration for disclosing information contained in DEA files. When an overbreadth challenge was made in that case, it was summarily dismissed by the Appellate Court. A similar result was reached in the Sixth Circuit in the case of *United States v. Jeter,* 775 F.2d 670 (6th Cir.1985), *cert. denied,* 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986). In that case, the defendant was convicted of selling copies of grand jury materials to a number of co-conspirators. Characterizing the speech activity as "virtually *de minimis*" the court summarily dismissed the overbreadth challenge. *Id.* at 682. In the instant case, the quality of speech involved is lesser or no greater than that involved in *Girard* and *Jeter.* Accordingly, defendant's overbreadth challenge is rejected.[5]

### CONCLUSION

On review, it is apparent that the complaint against Alonzo Jones is supported by probable cause. The ruling of the Magistrate is hereby reversed.

SO ORDERED.

---

**5.** Like the court in *Jeter,* this court does not address whether the application of section 641 would be constitutional in a "Pentagon Papers" scenario. *See United States v. Jeter,* 775 F.2d 670, 682 (6th Cir.1985), *cert. denied,* 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986). Overbreadth, regarding Section 641, is to be determined on a case to case basis. *United States v. Girard,* 601 F.2d 69, 72 (2d Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). The facts of the instant case do not present an instance of overbreadth; and it is not for this court to search for constitutional infirmities which do not apply to the defendant. *Id.* at 71–72.