**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Madonna MILLER, Defendant.**

**No. CR. 2:02–00010.**

United States District Court,
S.D. West Virginia,
Charleston Division.

April 12, 2002.

Karen B. George, Assistant United States Attorney, Charleston, WV, for U.S.

George H. Lancaster, Jr., Charleston, WV, Assistant Federal Public Defender, Madonna Miller, Chapmanville, WV, for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REQUIRE ELECTION

HADEN, Chief Judge.

Pending is Defendant's motion to require election and for a bill of particulars. For reasons set forth below, the Court **DENIES** both demands of the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2002 a Grand Jury returned a one-count[1] indictment against Defendant charging:

---

[1] On March 5, 2002 the Grand Jury returned a Superseding Indictment that adds a second count for violation of 18 U.S.C. § 495. Count 1 remained the same.

From in or about October 1996 through in or about May 2001, at or near Chapmanville, Logan County, West Virginia, and within the Southern District of West Virginia, defendant Madonna Miller did knowingly embezzle, steal, purloin and convert to her own use and the use of another money and things of value of the United States, that is, United States Treasury checks, totaling more than $1,000.00.

In violation of Title 18, United States Code, Section 641.

Under Section 641, if the value of the stolen property is over $1,000.00, the violation is a felony, carrying a maximum ten year term of imprisonment. If the property value is under $1,000.00, the violation is a misdemeanor with a term of imprisonment not to exceed one year.[2]

Based on discovery provided to Defendant, Defendant believes the Government will attempt to establish the following facts:

Prior to October, 1996, the defendant's mother, Ruth Howard, was a recipient of Social Security Administration Auxiliary Benefits. Ms. Howard's benefits were sent by United States Treasury checks to P.O. Box 1078 at the Chapmanville, West Virginia, Post Office. P.O. Box 1078 was also held by Harlen L. Miller and the defendant, Madonna Miller. Ruth Howard died on September 19, 1996. However, SSA benefits continued to be sent monthly by United States Treasury checks to Ms. Howard at P.O. Box 1078 through May, 2001.

In or about May, 2001, through a national project, information was developed which showed that the benefits continued to be paid after Ms. Howard's death. Investigation agents later questioned the defendant. The defendant admitted to the agents that, following her mother's death, she would take her mother's SSA benefit checks, cash them, and use the money to support herself and her son. From the period of October, 1996, through April, 2001, the defendant negotiated 55 United States Treasury checks payable to Ruth Howard. While the amounts of the checks varied over the time period, all of the checks were for between $542.00 and $580.00, with the exception of one check in the amount of $448.40. None of the checks were for $1,000.00 or more. It would further appear that each check was cashed during the month it was issued and prior to the issuance of the check for the following month. A check issued for the month of May, 2001, in the amount of $573.00, was turned over to agents following their questioning of the defendant.

(Def. Mem. at 1–2).

According to Defendant, the Government is attempting to aggregate 55 misde-

---

**2.** Title 18, United States Code, Section 641 provides:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

18 U.S.C. § 641.

meanor offenses into one felonious violation of Section 641. She asserts such a charge is impermissibly duplicitous and that Congress did not contemplate prosecution of a "course of conduct" under Section 641. Defendant requests the Court require the Government to elect which misdemeanor offenses it wishes to pursue and submits such election can be noticed through a bill of particulars.

## II. DISCUSSION

■■■■■. In determining whether the Government can charge a course of conduct violation of 18 U.S.C. § 641, the Court is guided by the continuing offense doctrine articulated in *Toussie v. United States,* 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). Under *Toussie,* an offense may be characterized as continuing if "the specific language of the substantive criminal statute compels such a conclusion, or *the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie* at 115, 90 S.Ct. 858 (emphasis supplied).

Here, the Court believes the nature of Defendant's offense is such that Congress must have intended it be treated as a continuing one. Defendant allegedly stole her deceased mother's social security check each and every month for a period of five years. Each affirmative act of theft furthered an overall scheme to deprive the United States of these funds permanently. In other words, by endorsing the checks in her mother's name, Defendant gave the United States a basis to assume Ruth Howard was alive and therefore, the Government continued without suspicion to mail the checks to the joint post office box.[3] Because each fraudulent endorsement perpetuated the overall ruse,

the offense properly is charged as a single, continuing offense. *C.f. United States v. Blizzard,* 27 F.3d 100 (4th Cir.1994) (violation of the retaining and concealing stolen Government property section 641 qualifies as a "continuing offense."); *United States v. Shorter,* 608 F.Supp., 871, 875 (D.D.C. 1985), *aff'd,* 809 F.2d 54 (D.C.Cir.), *cert. denied,* 484 U.S. 817, 108 S.Ct. 71, 98 L.Ed.2d 35 (1987), *abrogated on other grounds by Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ("It is well established that two or more acts, each of which would constitute an offense standing alone and which therefore could be charged as a separate counts of an indictment, may instead by charged in a single count if those acts could be characterized as part of a single continuing scheme."); *contra United States v. Beard,* 713 F.Supp. 285 (S.D.Ind.1989)(embezzling, stealing and purloining Government property under 18 U.S.C. § 641 not a continuing offense).

■■■■ Further, the Court holds it is lawful to aggregate the checks pursuant to the continuing offense doctrine to satisfy the jurisdictional minimum for a felony violation. In *United States v. Gill,* 193 F.3d 802 (4th Cir.1999), the Fourth Circuit upheld a felony conviction under Section 641 based on the very same conduct and it appears amounts were aggregated to meet the statutory minimum, although the issue was not specifically addressed. Moreover, other courts that have specifically considered aggregation permit it. In *United States v. Girard,* 601 F.2d 69 (2nd Cir. 1979), the Court of Appeals for the Second Circuit held that the district court did not abuse its discretion in allowing four sales of Government records to be charged in a

---

**3.** That Defendant herself arguably may not have been obliged to notify the United States of Ruth Howard's death is of no moment.

Defendant was obliged not to act in such a way as to conceal this material fact from the United States.

single count under Section 641 because the four sales were part of a "single continuing scheme." *Girard* at 72.

Similarly, in *United States v. Wilson*, 1997 WL 10035 (S.D.N.Y.1997)(unpublished), which relied on *Girard* and involved violations of 18 U.S.C. § 186(b)(1) (illegal solicitation and receipt of payments by labor union officials), the district court observed:

> Generally, the government is permitted to aggregate offenses involving discrete sums of money (even where such sums, considered to involve a distinct crime, may be the basis for a misdemeanor charge only, others a felony charge) where a series of unlawful acts, "were part of a single continuing scheme."

*Wilson*, at *3. *See United States v. Sanderson*, 966 F.2d 184 (6th Cir.1992) (multiple conversions may be aggregated under 18 U.S.C. § 666 to reach the jurisdictional minimum of $5,000).

For the foregoing reasons, the Court concludes Defendant's offense is properly characterized as a continuing offense and therefore, it is proper to aggregate the amounts allegedly stolen to meet the statutory minimum. Despite Defendant's contrary argument, the Fourth Circuit's decision in *United States v. Johnson*, 612 F.2d 843 (4th Cir.1979) does not compel a different result. In *Johnson*, our Court of Appeals found that when a group of conspirators filled their tanker truck with gasoline stolen from a single service station three times on the same night, the conspirators had committed three separate violations of 18 U.S.C. § 649.[4] In rejecting Johnson's argument he should be charged for a single offense, the Court found Section 649

*"permitted* consecutive punishment for each distinct act of stealing when thieves commit multiple acts simultaneously as part of a single criminal enterprise." *Johnson* at 846 (emphasis supplied).

Importantly, *Johnson* does not require multiple acts of theft be charged separately, only that "multiple prosecutions *may* be maintained" and "consecutive sentences *could be imposed.*" *Id.* at 845–46. In no way does *Johnson* limit a prosecutor's discretion to charge a course of conduct violation of Section 641 under appropriate circumstances.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for election and a bill of particulars is **DENIED**. However, the parties are **ORDERED** to submit proposed special interrogatories with their request for charge to insure the jury makes unanimous findings on the particular conduct charged.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and publish the same on the Court's website at www.wvsd.uscourts.gov.

---

4. Under 18 U.S.C. § 649, anyone who "embezzles, steals, or unlawfully takes, carries away, or conceals or by fraud or deception obtains" any "good or chattels" from an interstate pipeline, tank, or storage facility is guilty of a felonious crime against the United States. Similarly, Section 641 applies to anyone who "embezzles, steals, purloins or knowingly converts to his use" any "record, voucher, money, or thing of value of the United States[.]"