**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5145**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BEDRI KULLA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:09-cr-00278-NCT-1)

Submitted: May 18, 2011                    Decided: June 9, 2011

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew G. Kaiser, THE KAISER LAW FIRM PLLC, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bedri Kulla appeals his twelve-month sentence for deprivation of rights under color of law, in violation of 18 U.S.C. § 242 (2006). Finding no error, we affirm.

In calculating Kulla's offense level, the district court applied U.S. Sentencing Guidelines Manual ("USSG") § 2H1.1 (a)(1) (2009), which instructed it to apply "the offense level from the offense guideline applicable to any underlying offense." The court identified the underlying offense as blackmail, and Kulla was therefore assigned a base offense level of nine pursuant to USSG § 2B3.3(a). The base offense level was increased by six levels because Kulla was a public official at the time of the offense and the offense was committed under color of law, see USSG § 2H1.1(b)(1), and decreased by two levels for acceptance of responsibility, see USSG § 3E1.1(a), for a total offense level of thirteen. Kulla was placed in Criminal History Category I, which yielded a Guidelines range of twelve to eighteen months. Because Kulla was subject to a statutory maximum of one year, the Guidelines range became twelve months pursuant to USSG § 5G1.1(c)(1).

Kulla challenges the district court's conclusion that blackmail was an appropriate underlying offense for purposes of USSG § 2H1.1(a)(1). He argues that he merely sought access to the victim to pursue a romantic relationship with her, and that

2

his communication with the victim did not satisfy the elements of blackmail because he did not demand a "thing of value" from her. In assessing a sentencing court's application of the Guidelines, this court reviews its legal conclusions de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010), cert. denied, 131 S. Ct. 279 (2010).

"'Blackmail' . . . is defined as a threat to disclose a violation of United States law unless money or some other item of value is given." USSG § 2B3.3, comment. (n.1); accord 18 U.S.C. § 873 (2006). The words "thing of value" "are found in so many criminal statutes throughout the United States that they have in a sense become words of art. The word 'thing' notwithstanding, the phrase is generally construed to cover intangibles as well as tangibles." United States v. Girard, 601 F.2d 69, 71 (2d Cir. 1979). Within the context of various criminal statutes, federal appellate courts have found diverse intangible items to be "things of value." See United States v. Townsend, 630 F.3d 1003, 1011 (11th Cir.) (freedom from jail and greater freedom while on pretrial release), petition for cert. filed (Apr. 12, 2011); United States v. Moore, 525 F.3d 1033, 1047-48 (11th Cir. 2008) (sexual intercourse); United States v. Marmolejo, 89 F.3d 1185, 1191 (5th Cir. 1996) (conjugal visits); Girard, 601 F.2d at 71 (amusement, sexual intercourse or the

3

promise of sexual intercourse, a promise to reinstate an employee, an agreement not to run in a primary election, or the testimony of a witness).

Based on our review of the record, we agree with the district court that the time and attention of Ms. Blanco, a woman much younger than Kulla, was a "thing of value." Kulla persisted in trying to secure Blanco's attention, from giving her flowers to threatening her with deportation. As noted by the Government, Kulla's actions show "that he effectively bargained for [Ms. Blanco's time and attention], which is an indication of its value to him." (Appellee's Br. at 10). Accordingly, we conclude that the district court did not err in finding that blackmail was an appropriate underlying offense for purposes of USSG § 2H1.1(a)(1).

Kulla next argues that the district court erred in referring to both his and Ms. Blanco's physical appearance before imposing his sentence. He contends that the attractiveness of the parties is not a permissible sentencing consideration and that sentencing in federal court cannot turn on the attractiveness of the people involved. Of course, Kulla is right that a sentencing judge may not rely on physical attractiveness in reaching a sentencing decision. The record reveals, however, that the district court merely commented on the relative attractiveness of Kulla and his victim while

4

conducting its "thing of value" analysis.  We find nothing in the record to support Kulla's contention that the district court took either Kulla's or Ms. Blanco's physical appearance into account in imposing the sentence in this case.  Kulla's arguments in this regard are simply unfounded.

Accordingly, we affirm Kulla's sentence.  We deny as moot the motion to expedite the decision.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5